670 P.2d 580
**In the Matter of Buford NORRID, Attorney at Law.**

**No. 15036.**

Supreme Court of New Mexico.

Sept. 30, 1983.

### OPINION

On November 10, 1982, Buford Norrid (Norrid) pled guilty in Federal Court to willful failure to file his federal income tax return for the tax year 1976 in violation of 26 U.S.C. Section 7203 (1976). Norrid was given a one year suspended sentence with three years supervised probation.

On February 14, 1983, this Court suspended Norrid pursuant to NMSA 1978, Supreme Court Rules Governing Discipline Rule 13, and referred the matter to the Disciplinary Board.

A Specification of Charges was filed against Norrid on February 16, 1983, alleging that Norrid had willfully failed to file his 1976, 1977 and 1978 federal income tax returns. In his Answer to the charges, Norrid admitted the allegations.

A hearing was held in Carlsbad on March 31, 1983, at which time the hearing committee appointed to hear the charges (Committee) listened to Norrid's explanation of his conduct and recommended that Norrid's suspension be six months in duration without automatic reinstatement.

On May 20, 1983, a panel of the Disciplinary Board (Panel) heard oral argument on the issue of the length of Norrid's suspension. On July 8, 1983, the Panel affirmed the recommendation of the Committee and suggested to this Court that an exception be made to NMSA 1978, Supreme Court Rules Governing Discipline Rule 4(a)(2) to permit Norrid to be automatically reinstated at the conclusion of the six months suspension.

This matter came before this Court on August 3, 1983, for oral argument. We adopt the Disciplinary Board's finding that Norrids's conduct adversely reflected upon his fitness to practice law in violation of NMSA 1978, Code of Professional Responsibility Rule 1–102(A)(6) (Repl.Pamp.1982). We are mindful that Norrid has now fully paid his back taxes and the penalties he incurred. However, it is the policy of this Court that attorneys should not be allowed to practice law while on probation under a criminal sentence. *See In re Melvin Lee Griffin, Attorney at Law,* S.Ct. No. 14995, (Filed September 19, 1983).

We therefore disbar Norrid until he is no longer on probation. At the end of this period, Norrid may move for reinstatement only upon a showing that he has taken and passed the Multi-state Professional Responsibility Examination with a score set by this Court under the Rules for Admission to the New Mexico State Bar and that he has paid all outstanding costs.

Costs of these proceedings are assessed against Norrid in the amount of $199.74.

PAYNE, C.J., SOSA, Senior Justice, FREDERICI, RIORDAN and STOWERS, JJ., concur.