858 P.2d 404

**In the Matter of Frank C. GABELL. An attorney suspended from the practice of law before the courts of the state of New Mexico.**

No. 21278.

Supreme Court of New Mexico.

Aug. 17, 1993.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Frank C. Gabell, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1991), in which attorney Frank C. Gabell, previously suspended from the practice of law for failure to pay bar dues but licensed at the time of the actions giving rise to this opinion, was found to have violated numerous provisions of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1991 & Supp.1992). We adopt the recommendation of the Disciplinary Board that Gabell be disbarred pursuant to Rule 17–206(A)(1) and assessed the costs of this action.

Gabell was hired in early 1985 by attorney George G. Duncan to assist Duncan with a class action lawsuit in which Duncan was representing numerous plaintiffs before the U.S. District Court for the District of New Mexico. In June 1986, the court awarded Duncan slightly more than $2.5 million in attorney fees for his successful prosecution of the plaintiffs' case; of this amount, Duncan paid Gabell over $173,000 in fees and gross receipts taxes for his 614 hours of assistance.

Although the class action suit was at an end, Duncan permitted Gabell to occupy space in his law offices and occasionally associated with him on other cases or referred cases to him. This arrangement ended in February 1988, when Gabell demanded that he be paid additional monies for his work on the class action case. A dispute ensued between Duncan and Gabell, and Gabell was asked to vacate the office he had occupied.

Gabell persisted in his efforts to extract more money from Duncan and, when his efforts were unsuccessful, filed a lawsuit against Duncan claiming that a partnership or joint venture had existed between them and demanding a formal accounting and a division of the profits of the "partnership."

During the course of formal discovery, Gabell was requested by Duncan's attorney to produce copies of all gross receipts tax forms and federal and state income tax returns filed by him for the years 1985 through 1988. Gabell produced, among other things, three gross receipts tax forms for the period of January through June 1986 and two federal and two state income tax returns for 1986.

The original gross receipts tax form filed on July 1, 1986, declared income of $166,-844 and gross receipts taxes in the amount of $8,043.75. The first amended gross receipts tax form, filed in January 1987, indicated that Gabell over-reported his January–June 1986 income by $60,000 and overpaid his gross receipts taxes by $2,924.99. The federal and state income tax returns for 1986, filed on April 15, 1987, comported with the amended gross receipts tax form and fraudulently under-reported Gabell's 1986 income by approximately $60,000.

The second amended gross receipt tax form, ostensibly filed in January 1990, cor-

rectly reflected Gabell's income during the first six months of 1986 as did the amended 1986 federal and state income tax returns shown as having been filed on November 20, 1990.

In January 1991, Gabell's deposition was taken, and he was questioned about the 1986 tax returns. He freely admitted under oath that he had under-reported his income for 1986 to the Internal Revenue Service and to the State of New Mexico by approximately $60,000 and that he had filed the inaccurate first amended gross receipts tax form to comport with his income tax forms. He did this, he said, because he felt he "should reserve a certain sum of money" for himself. He claimed, however, that he had taken steps to correct these misstatements by filing the second amended gross receipts tax form and the amended income tax returns for 1986. Gabell acknowledged as well that he had accepted a refund of the gross receipts taxes he claimed to have overpaid.

We note in passing that Gabell was convicted in federal court of the crime of making a false statement on his 1986 federal income tax return contrary to 26 U.S.C. Sec. 7206(1). This conviction, having occurred after the disciplinary hearing in this matter, does not provide the basis for our decision to disbar Gabell. Nonetheless, attorneys have in the past been disbarred for tax-related crimes. *See, e.g., In re Norrid,* 100 N.M. 326, 670 P.2d 580 (1983).

The discovery process also uncovered evidence that Gabell manufactured another of the documents he submitted to Duncan's attorney and lied under oath regarding the facts of the underlying controversy and matters bearing on his credibility. Because of Gabell's apparent propensity to distort the truth and willingness to fabricate evidence, Duncan's attorney made inquiry of state and federal tax officials regarding the authenticity of Gabell's 1986 gross receipts and income tax returns. Gabell was ordered by the district court to assist with these efforts, although he strenuously resisted doing so. Ultimately, it was discovered that the second amended gross receipts tax returns never had been filed by Gabell. The copies submitted to Duncan's attorney were in fact documents Gabell fraudulently manufactured for use in his litigation against Duncan.

Upon learning of Gabell's many efforts at deception, the district court judge dismissed his lawsuit with prejudice and reported his actions to the office of disciplinary counsel, noting in the complaint that Gabell had shown "no remorse and no sense of the wrongfulness of his actions" and expressed her belief "that Frank Gabell is utterly unfit to practice law." We agree with this assessment.

By his conduct Gabell has violated Rules 16–303(A)(4), 16–304(B), and 16–804(B) and (C) of the Rules of Professional Conduct, all of which prohibit various intentional acts of dishonesty. Such dishonesty often results in an attorney's disbarment. *In re Duffy,* 102 N.M. 524, 697 P.2d 943 (1985); *In re Ayala,* 102 N.M. 214, 693 P.2d 580 (1984); *see also ABA Standards for Imposing Lawyer Sanctions,* Standard 6.11 ("Disbarment is generally appropriate when a lawyer, with the intent to deceive a court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.")

When false evidence is presented during the course of litigation, the adversarial system is compromised. The effectiveness of our system of justice depends upon a full and truthful disclosure of facts at all stages of a legal proceeding. Only in this way can justice be attained and public confidence in the legal system be preserved. When an attorney, who is an officer of the court and whose duty it is to protect the integrity of the system, intentionally lies under oath and manufactures documents designed to achieve an advantage in litigation, that attorney demonstrates a complete lack of fitness to practice law. As one court has noted, "Truth is the cornerstone of the judicial system; a license to practice law requires allegiance and fidelity to

truth." *Office of Disciplinary Counsel v. Grigsby*, 493 Pa. 194, 425 A.2d 730 (1981).

NOW, THEREFORE, IT IS ORDERED that Frank C. Gabell be, and he hereby is, disbarred from the practice of law pursuant to SCRA 1986, 17–206(A)(1), effective June 30, 1993.

IT IS FURTHER ORDERED that any motion for permission to apply for reinstatement that Gabell may file pursuant to SCRA 1986, 17–214(A), must be accompanied by a showing that he has paid the costs assessed herein.

IT IS FURTHER ORDERED that this opinion be published in the State Bar of New Mexico *Bar Bulletin* and the *New Mexico Reports.*

The cost of this action in the amount of $230.88 are assessed against Gabell and should be paid to the Disciplinary Board no later than December 31, 1993. Interest of fifteen percent (15%) per annum will be assessed against any amount unpaid by that date until the costs are paid in full.

IT IS SO ORDERED.

FRANCHINI, J., not participating.

FROST, J., not participating.