874 P.2d 783

**In the Matter of Donald C. COX, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 22078.

Supreme Court of New Mexico.

May 10, 1994.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

James C. Compton, Jr., Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA1986, 17–101 to –316 (Repl.Pamp.1991 and Cum.Supp.1993), in which Donald C. Cox admitted having been convicted of a fourth degree felony but denied that his conviction constituted a violation of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1991 & Cum.Supp.1993). We adopt the disciplinary board's recommendation that Cox be suspended from the practice of law pursuant to Rule 17–206(A)(2).

On May 10, 1993, Cox was convicted by way of a plea of guilty in the District Court for the Second Judicial District of the State of New Mexico of the crime of attempt to evade or defeat taxes reportable and payable by Long & Cox, P.A., in violation of NMSA 1978, Section 7–1–72. In exchange for the plea of guilty, the State agreed to bring no other criminal charges against Cox pertaining to state personal income or gross receipts taxes for any period prior to December 11, 1992, and to dismiss the remaining counts of the indictment against him.

As part of the plea agreement, Cox also agreed to pay the New Mexico Department of Taxation and Revenue the sum of $50,000, which was deemed "to constitute his obligation for unpaid personal income tax for the years 1988 and 1991 and his obligation for gross receipts tax for Long & Cox, P.A. for the period November 1991 through April 1992, for Donald Cox, P.A. for the period July 1984 through December 1990, and for Cox & Imke, P.A. for the period April 1983 through June 1984, together with all interest and penalties thereon."

On August 13, 1993, Cox was sentenced to five (5) years incarceration, with said sentence suspended and a period of probation imposed. As conditions of probation, Cox is required to make regular monthly payments to the State of New Mexico until his $50,000 debt is extinguished and to perform two hundred hours of community service. Under the terms of the plea and disposition agreement, he may petition the court for a reduction of sentence in the event that he completes all of the conditions of probation in less than five years.

At the disciplinary hearing, Cox argued that while he had pleaded guilty to and was on probation for certain criminal charges, he had not been convicted of a "serious crime" that would reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in

violation of Rule 16–804(B) and had not engaged in conduct adversely reflecting on his fitness to practice law in violation of Rule 16–804(H). The hearing committee and the disciplinary board disagreed that the crime of tax evasion is not a serious crime within the meaning of Rule 16–804(B). This Court concurs with the board's assessment and agrees that Cox engaged in conduct violative of Rule 16–804(H).

It has long been a policy of this Court that attorneys on probation for having committed a criminal act should not be permitted to practice law. *See, e.g., In re Norrid,* 100 N.M. 326, 670 P.2d 580 (1983); *In re Griffin,* 101 N.M. 1, 677 P.2d 614 (1983). Cox, claiming that this policy should not apply to him argued that Norrid's conviction was for failure to file his personal (as opposed to corporate) tax returns and that his own conduct was not found to have damaged any client.

■ *Norrid* does not stand for the proposition that an attorney convicted of failing to file personal income tax returns will be dealt with harshly, while an attorney convicted of failing to file corporate tax returns is somehow less culpable. The *Norrid* opinion holds that "it is the policy of this Court that attorneys should not be allowed to practice law while on probation under a criminal sentence." 100 N.M. at 326, 670 P.2d at 580. We hereby reaffirm that policy. Furthermore, Cox's attempt to distinguish the holding in *Norrid* on this basis is somewhat disingenuous in that the court records pertaining to his conviction, which are a part of the record of the disciplinary proceeding, clearly indicate that he was remiss as well in meeting his personal income tax obligations.

■ While it is undisputed that Cox's conduct did not damage any of his clients, the same also can be said of other attorneys suspended or disbarred by this Court for having been convicted of criminal acts. The purpose of attorney discipline is not solely to protect clients from being harmed by their attorneys, but also to protect the profession and the administration of justice. The public cannot be expected to have respect for our system of justice if we permit the officers of our courts to violate the very laws they are sworn to uphold and upon which they advise and counsel others to comply.

IT IS THEREFORE ORDERED that Donald C. Cox be and hereby is suspended from the practice of law pursuant to SCRA 1986, 17–206(A)(2), effective May 16, 1994.

IT IS FURTHER ORDERED that Cox will be automatically reinstated to practice pursuant to SCRA 1986, 17–214(B)(1), upon a showing that he has been fully released from probation upon successful fulfillment of all requirements in connection with the sentence imposed upon him as the result of his conviction, that he has taken and passed the Multistate Professional Responsibility Examination, and that he has paid the costs of this action. Should he be released from probation prior to the expiration of the five year period imposed, he may be readmitted at that time, but in no event may he be readmitted prior to May 16, 1995.

IT IS FURTHER ORDERED that upon reinstatement Cox will be placed on probation for an additional period of one (1) year under the supervision of an attorney to be appointed by this Court. Said supervisor will serve at Cox's expense at an hourly rate to be set by this Court and will oversee the handling of his caseload and monitor his payment of all taxes associated with his practice of law.

IT IS FURTHER ORDERED that Cox shall file with this Court no later than May 26, 1994, evidence of his compliance with the requirements of SCRA 1986, 17–212.

IT IS FURTHER ORDERED that this opinion be published in the State Bar of New Mexico *Bar Bulletin* and the *New Mexico Reports.*

Costs in the amount of $424.18 are assessed against Cox and should be paid to the disciplinary board on or before July 1, 1994. Any amounts not paid by that date will bear interest at the rate of fifteen per cent (15%) per annum until paid, and a transcript of judgment will issue by this Court for any amounts not paid by July 1, 1994.

IT IS SO ORDERED.