PUBLISH

UNITED STATES COURT OF APPEALS
**Filed 7/26/96**TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

    No. 95-3341

LAMAR M. MOORE,

    Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-10021-01)

---

Montie R. Deer, Assistant United States Attorney (Jackie N. Williams, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff-Appellant.

Kurt P. Kerns, The Law Offices of Leslie F. Hulnick, P.A., Wichita, Kansas, for Defendant-Appellee.

---

Before ANDERSON, BALDOCK, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

    The United States appeals from the district court's order suppressing evidence obtained during a search of the residence of defendant-appellee Lamar M. Moore. The

1

central issue in this appeal is whether the government met its burden of demonstrating that state law enforcement officers were excused from the "knock and announce" requirement explicitly incorporated into our Fourth Amendment "reasonableness" inquiry by Wilson v. Arkansas, 115 S. Ct. 1914, 1916 (1995). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Moore was indicted on one count of possession with intent to distribute approximately eleven grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Prior to trial, he moved to suppress all evidence obtained in the execution of a search warrant for his Wichita, Kansas residence.

"On appeal from a motion to suppress, we accept the district court's factual findings unless clearly erroneous, review questions of law de novo, and view the evidence in the light most favorable to the prevailing party. The question whether exigent circumstances exist . . . presents a mixed question of fact and law which we review de novo." United States v. Maden, 64 F.3d 1505, 1508 (10th Cir. 1995) (citation omitted). "The reasonableness of a search and seizure under the Fourth Amendment is a question of law we review de novo." United States v. McCarty, 82 F.3d 943, 947 (10th Cir. 1996).

The following facts are either uncontested or are presented, as required by our cases, in the light most favorable to Mr. Moore. On December 29, 1994, members of the Wichita Police Department executed a search warrant for Mr. Moore's residence. One

officer opened the screen door and then stepped aside as another officer announced their presence and indicated that they had a search warrant. "[N]early simultaneous[ly]" with their announcements, the officers forced open the door with a steel battering ram. Rec. vol. I, doc. 28 at 1 (Order of Suppression). The time that elapsed between announcement and battering was no more than three seconds. Id.

State law enforcement officers are prohibited by the Fourth Amendment from conducting "unreasonable searches and seizures." Although the federal "knock and announce" statute, 18 U.S.C. § 3109, does not directly apply to state actors, we use § 3109 as a guide in conducting the "reasonableness" inquiry dictated by the Fourth Amendment. United States v. Smith, 63 F.3d 956, 962 (10th Cir. 1995), cert. granted and judgment vacated on other grounds, 116 S. Ct. 900 (1996). The Fourth Amendment, reflecting the long common law tradition protecting the sanctity of the home, includes a general presumption that police officers executing a search warrant for a residence must announce their presence and authority before entering. Wilson, 115 S. Ct. at 1918 (citing "the presumption in favor of announcement"). If the occupants do not admit the officers within a reasonable period of time, the officers may be deemed to be constructively refused admittance, and they may then enter by force. United States v. Knapp, 1 F.3d 1026, 1031 (10th Cir. 1993) ("It was plausible for the officers to conclude that they were affirmatively refused entry after a ten to twelve second interval . . . ."). Here, however, the district court found that the forced entry was "virtually instantaneous" and correctly

concluded that this precluded any claim that the officers were constructively refused admittance. Rec. vol. I, doc. 28 at 1-2. At most, the officers waited three seconds: significantly less time than in prior cases in which constructive refusal has been found. Compare United States v. Lucht, 18 F.3d 541, 550-51 (8th Cir.) (waiting three to five seconds before entering was not long enough to find constructive refusal to admit), cert. denied, 115 S. Ct. 363 (1994); United States v. Marts, 986 F.2d 1216, 1218 (8th Cir. 1993) (less than five seconds was not sufficient to find constructive refusal to admit); and United States v. Rodriguez, 663 F. Supp. 585, 587-88 (D.D.C. 1987) (three to five second delay was insufficient to find constructive refusal to admit) with Smith, 63 F.3d at 962 (forty-five seconds was sufficient to find constructive refusal to admit) and Knapp, 1 F.3d at 1030-31 (ten to twelve seconds was sufficient to find constructive refusal to admit).

The government argues, as an exception to the "knock and announce" rule, that there were "exigent circumstances" which justified immediate entry, citing the averment in the application for the search warrant by Officer Mitchell that a confidential informant had "stated that the black male that sold the crack cocaine and another black male in the premises were armed with an unknown type of firearm." Rec. vol. III, Ex. 2 at 2 (Application for Search Warrant). Officers may indeed be excused from the usual "knock and announce" rule if exigent circumstances attended the search. However, this exception applies only when "the law enforcement officers in question held an objectively reasonable belief that an emergency situation existed." United States v. Maden, 64 F.3d

4

1505, 1509 (10th Cir. 1995). The mere statement that firearms are present, standing alone, is insufficient. The government must go further and demonstrate that the presence of firearms raised a concern for the officers' safety. Lieutenant Atnip testified that officers are concerned about an armed response when they execute any narcotics search warrant. Rec. vol. II at 14. Clearly, though, to expand the exigent circumstances exception to that extent would completely swallow the rule.

The government presented no evidence that the officers were particularly concerned for their safety in this case. See United States v. Becker, 23 F.3d 1537, 1541 (9th Cir. 1994) ("[W]hile peril to officers . . . may well demonstrate an exigency, mere unspecific fears about [this] possibilit[y] will not."). As the district court observed, the government did not even raise an exigent circumstances argument at the suppression hearing. Rec. vol. I, doc. 28 at 2. In its motion to reconsider the order of suppression, the government argued that "the presence of firearms inside the residence and the probability of the destruction of evidence by the drug dealers if an extensive period of time elapsed between the announcement and the forcible entry" created an exigency justifying the entry. See Rec. vol. I, doc. 29 at 2. However, it failed to cite any further support in the record for this claim. See United States v. Moreno, 701 F.2d 815, 818 (9th Cir. 1983) (finding no exigent circumstances where the record did not contain specific evidence that contraband might be destroyed), cert. granted and judgment vacated on other grounds, 469 U.S. 913 (1984). Because the government failed even to allege that the Wichita

police officers harbored a concern for their safety, the mere fact that firearms were present was insufficient to demonstrate exigent circumstances justifying the "virtually instantaneous" battering down of the door of a private home.

The government further argues for the first time on appeal that, even if the search violated the Fourth Amendment, the doctrine of "inevitable discovery" compels the conclusion that the seized evidence should not have been suppressed. See Nix v. Williams, 467 U.S. 431, 444-46 (1984). This issue was not raised below, and we decline to consider it. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993) ("[W]e have exercised our discretion to hear issues for the first time on appeal only in the most unusual circumstances.").

For the foregoing reasons, we AFFIRM the order of the district court granting Mr. Moore's motion to suppress all evidence seized as a consequence of the search of his residence.