1997-NMSC-037

944 P.2d 881

**In the Matter of Michael W. KROB, An Attorney Admitted to Practice Law before the Courts of the State of New Mexico.**

No. 24499.

Supreme Court of New Mexico.

Sept. 4, 1997.

David A. Baca, Deputy, Disciplinary Counsel, Albuquerque, for Disciplinary Board.

Michael W. Krob, Farmington, no appearance.

## OPINION

PER CURIAM.

(1) This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, 17–101 to 17–316 NMRA 1997, in which the respondent attorney, Michael W. Krob, was found to have committed multiple violations of the Rules of Professional Conduct, 16–101 to 16–805 NMRA 1997. We adopt the disciplinary board's findings of fact and conclusions of law as well as the recommendation of the disciplinary board that respondent be disbarred from the practice of law pursuant to Rule 17–206(A)(1). In addition, certain

conditions are imposed that must be satisfied before consideration of any petition for reinstatement.

■ (2) Respondent was employed by the law firm of Damon Weems & Associates, P.A. As an associate of the firm, respondent accepted a $1,500 retainer from a particular client. A bill was subsequently mailed to the client indicating that fees and costs in the amount of $1,363.15 had been incurred in the course of the representation. Upon receipt of the bill the client contacted the firm and asked why she did not have a credit balance since she had previously tendered a $1,500 retainer to respondent. In August 1996, as a result of the client's questioning the status of her account, it was determined that respondent had accepted the $1,500 retainer from her, and that the money was not deposited into the Damon Weems & Associates trust account. The bookkeeper for the law firm questioned respondent concerning the missing $1,500 and received no satisfactory explanation for the discrepancy. When Mr. Weems subsequently confronted respondent regarding the discrepancy, respondent admitted taking the client's $1,500 retainer. In the course of investigating this matter, it was also learned that respondent misappropriated additional monies paid by other clients of the firm in the amounts of $500, $700, and $3,000 and accepted those payments on behalf of the law firm and subsequently converted the money to his own use.

(3) By reason of the foregoing conduct, it was determined that respondent violated the following Rules of Professional Conduct: Rule 16–115(A), by failing to hold client funds that were in his possession in connection with the representation separate from his own property; Rule 16–115(A), by failing to properly identify client funds and by failing to safeguard client funds that were to be held in trust; Rule 16–115(B), by failing to promptly deliver funds that the firm was entitled to receive and by failing to render a full accounting regarding said funds; Rule 16–804(C), by engaging in conduct involving dishonesty, fraud, and deceit by converting funds belonging to clients or third persons; Rule 16–804(D), by engaging in conduct prejudicial to the administration of justice; and Rule 16–804(H), by engaging in conduct adversely reflecting on respondent's fitness to practice law.

■ .(4) Respondent also was found to have violated Rule 16–801(B), by failing to respond to lawful requests for information from the office of disciplinary counsel, and Rule 16–803(D), by failing to cooperate with disciplinary counsel in the course of the investigation. Although respondent was notified regarding the complaints filed against him, he failed to respond to correspondence from disciplinary counsel, failed to file an answer to the specification of charges, and failed to attend the initial hearing in this matter. At that hearing, the committee properly deemed the allegations admitted due to respondent's failure to respond. Pursuant to Rule 17–310(C), "the charges will be deemed admitted" if a respondent-attorney does not answer the specification of charges within twenty (20) days. The language of Rule 17–310(C) is mandatory and applies to each and every allegation contained in the specification of charges, not only the factual allegations. *In re Roberts–Hohl,* 116 N.M. 700, 704, 866 P.2d 1167, 1171 (1994).

(5) Once the allegations were deemed admitted, the hearing committee proceeded pursuant to Rule 17–310(C) to hear evidence in aggravation and mitigation and then recommended an appropriate sanction. The hearing committee recommended that respondent be disbarred and the disciplinary board agreed. Respondent subsequently failed to appear at a hearing scheduled before this Court.

■ (6) Misappropriation of client funds is a most deplorable violation of an attorney's fiduciary duties and generally warrants disbarment. *See In re Darnell,* 123 N.M. 323, 940 P.2d 171 (1997); *In re Kelly,* 119 N.M. 807, 896 P.2d 487 (1995); *In re Schmidt,* 121 N.M. 640, 916 P.2d 840 (1996); *In re Greenfield,* 121 N.M. 633, 916 P.2d 833 (1996). In the instant case, respondent failed to act with honesty and integrity, engaged in a pattern of misappropriation of client funds, and refused to acknowledge the wrongful nature of his conduct by failing to participate in these disciplinary proceedings.

(7) The Court hereby adopts the findings of fact, conclusions of law, and recommendations of the disciplinary board. Based upon the serious nature of the multiple violations committed by respondent and the aggravating factors present in this matter, the Court agrees that the recommended discipline is appropriate.

(8) NOW, THEREFORE, IT IS ORDERED that the recommendation of the disciplinary board hereby is adopted and Michael W. Krob hereby is DISBARRED from the practice of law pursuant to Rule 17–206(A)(1) effective April 23, 1997;

(9) IT IS FURTHER ORDERED that respondent may file a motion for permission to apply for reinstatement pursuant to Rule 17–214(A) only upon satisfaction of the following terms and conditions:

(1) Respondent shall account for all funds taken from the clients referenced in this disciplinary proceeding and repay those monies in full to Damon Weems & Associates, P.A., in Farmington, New Mexico;

(2) Respondent shall successfully take and complete the Multistate Professional Responsibility Examination;

(3) Respondent shall successfully take and complete the New Mexico Bar Examination; and

(4) Respondent shall successfully complete fifty (50) hours of continuing legal education in the areas of ethics, trust account management, and law office management above and beyond the continuing legal education requirements of New Mexico prior to his seeking reinstatement.

(10) IT IS FURTHER ORDERED that respondent shall pay all costs of these proceedings in the amount of $402.34 on or before October 13, 1997, and any balance remaining after said date shall bear interest at the rate of fifteen percent (15%) per annum thereafter;

(11) IT IS FURTHER ORDERED that respondent shall provide the required notice to clients of his disbarment pursuant to Rule 17–212;

(12) IT IS FURTHER ORDERED that should respondent be reinstated to the practice of law he shall be placed on supervised probation for a period of two (2) years with a supervising attorney to be appointed by the office of disciplinary counsel with the costs of the supervising attorney's time to be paid by respondent; and

(13) IT IS FURTHER ORDERED that the disposition of this matter shall have the full force and effect of a judgment.

(14) IT IS SO ORDERED.

/s/ Gene E. Franchini
Gene E. Franchini, Chief Justice

/s/ Joseph F. Baca
Joseph F. Baca, Justice

/s/ Pamela B. Minzner
Pamela B. Minzner, Justice

/s/ Patricio M. Serna
Patricio M. Serna, Justice

/s/ Daniel A. McKinnon, III
Daniel A. McKinnon, III, Justice