**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellant,

v.

THOMAS EVERETTE MOODY, also
known as Tom Moody,

     Defendant-Appellee.

No. 00-2070

(D.C. No. CR-99-874-BB)

(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **ANDERSON** , and **BRISCOE** , Circuit Judges .

The United States appeals the district court's dismissal of an indictment

charging defendant Thomas Everette Moody with making a false statement in

connection with the attempted acquisition of a firearm, in violation of 18 U.S.C.

§§ 922(a)(6), 924(a)(1)(A).  The district court held that Moody was not "under

indictment" within the meaning of New Mexico law when he tried to purchase a

handgun and therefore did not answer falsely when he responded in the negative

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to a question asking if he was. Exercising jurisdiction under 18 U.S.C. § 3731, we reverse and remand.

## I.

In 1998, the grand jury of Bernalillo County, New Mexico returned an indictment charging Moody with four felony counts of aggravated assault with a deadly weapon. On March 26, 1999, Moody, a first-time offender, entered into a plea and disposition agreement in which he would plead no contest to two counts in the indictment, the State would dismiss the remaining two counts, and he would receive a conditional discharge and be placed on probation. That same day, a state judge approved the agreement and accepted Moody's no contest plea to counts one and two of the indictment. On May 12, 1999, the state judge filed a conditional discharge order that deferred all further related proceedings against Moody and placed him on probation for three years. On May 17, 1999, the state prosecutor filed a *nolle prosequi* as to counts three and four of the indictment.

On April 22, 1999 -- almost one month after Moody pleaded no contest to the first two counts of the indictment but several weeks before the prosecutor dismissed the other two counts -- Moody tried to retrieve a 9mm handgun he had pawned at The Loan Rangers Guns & Pawn Shop, a federally licensed firearms dealer. In doing so, he filled out and signed ATF Form 4473, which included the question: "Are you under indictment or information in any court for a crime for

which the judge could imprison you for more than one year?" Moody answered "no." Because the National Instant Checking System subsequently denied authorization for the transaction, Moody did not obtain the firearm.

In August 1999, a federal grand jury returned a two-count indictment against Moody. Count one charged that he knowingly made a false statement or representation concerning information required by Chapter 44 of Title 18, in violation of 18 U.S.C. § 924(a)(1)(A). Count two charged him with knowingly making a false statement in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). The basis for both counts was Moody's statement on ATF Form 4473 that he was not under indictment for any crime punishable by more than one year imprisonment.

Moody moved to dismiss the federal indictment. He argued that he was no longer "under indictment" within the meaning of New Mexico law when he tried to purchase the handgun because the charging phase, *i.e.*, the "under indictment" phase, ended when he entered his conditional discharge plea. He also asserted that the state offenses were no longer crimes for which he could be imprisoned for more than one year because probation was the only penalty awaiting him under the plea agreement's terms. The government countered that a conditional discharge plea or order does not amount to a "conviction" necessary to remove a defendant from the charging phase under New Mexico law. In addition, it argued

3

that Moody was still "under indictment" for purposes of state law because he could be subject to conviction and imprisonment for more than one year if he violated the terms of his parole.

Applying New Mexico law, the district court granted Moody's motion and dismissed the indictment. While it agreed with the government that a conditional discharge does not constitute a "conviction" that would end the charging phase under state law, the district court held that the charging phase nonetheless concluded when Moody entered his plea because it resolved all pending charges against him. The district court also reasoned that because Moody still retained his right to possess firearms under state law, he was not the type of irresponsible or potentially dangerous person that Congress intended the federal firearms statute to cover.

The government timely appeals, arguing (1) that the district court should have applied federal rather than state law to decide whether Moody was "under indictment" and (2) that regardless of whether federal or state law controls this issue, Moody was still "under indictment" when he tried to obtain the handgun from the pawn shop.

## II.

Though we generally review an order dismissing an indictment for abuse of discretion, our review in this appeal is *de novo* because the order is based on the

4

district court's interpretation of law. United States v. Oxx, 127 F.3d 1277, 1278 (10th Cir. 1997).

As an initial matter, we decline to address the government's argument that federal law controls the determination of whether a person is "under indictment" because the government did not raise this argument in the district court. See United States v. Moore, 91 F.3d 96, 99 (10th Cir. 1996) (declining to consider issue that the government did not raise below). Although the government insists that our *de novo* scope of review requires us to decide in the first instance which law governs, we recently emphasized that "we will not conduct a *de novo* review to consider [issues raised] for the first time on appeal." City of Stilwell v. Ozarks Rural Elec. Coop. Corp., 166 F.3d 1064, 1073-74 (10th Cir. 1999). And, while we may properly consider a new theory offered on appeal in a criminal case as an alternative basis for affirming the trial court, cf. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994), the situation is much different where, as here, the government advances a new theory as a reason for reversing the trial court. As we explained in Moore, we will address such a contention "only in the most unusual circumstances." 91 F.3d at 99. These may include issues of jurisdiction and sovereign immunity, instances in which the public interest is implicated, or situations where manifest injustice would result. Smith v. Rogers Galvanizing Co., 128 F.3d 1380, 1386 (10th Cir. 1997). In this case, the government urges the

5

application of federal law for the first time on appeal in an attempt to obtain a reversal of the district court's decision absent any unusual circumstances. Thus, we decline to consider that argument.

In the alternative, the government contends that even applying New Mexico law, Moody was still under indictment when he tried to acquire the handgun from the pawn shop. As noted above, the district court held that Moody was not under indictment because the conditional discharge plea resolved all four counts pending against him, thereby ending the charging phase. The government argues that notwithstanding his no contest plea to the first two counts, Moody remains under indictment for those counts because he has not yet completed his three-year probation term as required by the conditional discharge statute. The government also argues that Moody was still under indictment for counts three and four at the time he tried to buy the handgun because they were not dismissed until after that attempted transaction.

Ultimately, we need not decide whether the conditional discharge ended Moody's charging phase for the first two counts because we conclude that he was still under indictment within the meaning of state law for the two counts that had not yet been dismissed when he tried to obtain the firearm. In New Mexico, the "indictment is the means by which a defendant learns of the charges against him." New Mexico v. Morton, 760 P.2d 170, 171 (N.M. Ct. App. 1988). Once an

6

indictment is filed, the State and the defendant "may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty [or] no contest . . . to a charged offense or to a lesser or related offense, the attorney for the state will move for dismissal of other charges." N.M.R.A. 5-304(A)(1). "If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." N.M.R.A. 5-304(C). Here, the district court accepted the plea agreement between Moody and the State of New Mexico, which provided that Moody would plead no contest to the first two counts of the indictment, that the State would dismiss the other two counts, and that Moody would receive a conditional discharge and three years of probation.

According to Moody, once the state court accepted the plea agreement, he was no longer under indictment for counts three and four because the adversarial proceedings against him were effectively over. However, Moody does not cite, and we have not found, any case law that supports his position. As we interpret New Mexico law, merely because a plea agreement provides that the prosecutor will dismiss certain counts does not mean that the defendant is automatically removed from the charging phase as soon as the court accepts the plea. Instead, it is the *nolle prosequi* itself which serves "to dismiss criminal charges that have been brought against a defendant." New Mexico v. Gardea, 989 P.2d 439, 441

7

(N.M. Ct. App. 1999). The plea agreement, on the other hand, simply provides a vehicle for memorializing the prosecutor's agreement to seek such a dismissal. See generally New Mexico v. Mares, 888 P.2d 930, 931 (N.M. 1994); In re Cox, 874 P.2d 783, 783 (N.M. 1994); Weiss v. New Mexico Bd. of Dentistry, 798 P.2d 175, 178 (N.M. 1990). Accordingly, even though the State agreed to dismiss two counts of the indictment, that dismissal did not actually take effect, and therefore Moody was still under indictment, until the prosecution filed its *nolle prosequi*. Because the prosecution did not do so until almost one month after Moody completed ATF Form 4473, the district court erred in holding as a matter of New Mexico law that Moody was not "under indictment" at that time.

III.

We hold that Moody was "under indictment" within the meaning of New Mexico law for the two counts that had not yet been dismissed when he completed the ATF form. Accordingly, the district court's order dismissing the federal indictment against Moody is REVERSED and the case is REMANDED for further proceedings. Moody's motion to supplement the record on appeal with a transcript and a state court filing that was not a part of the district court record is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

8