2001-NMCA-010

21 P.3d 635

**In the Matter of Joseph FRONTINO, Esq.**

**An Attorney Suspended from Practice Before the Courts of the State of New Mexico.**

No. 26,612.

Supreme Court of New Mexico.

April 12, 2001.

Arne R. Leonard, Deputy Disciplinary Counsel, Albuquerque, NM, for the Disciplinary Board.

Joseph Frontino, Albuquerque, NM.

OPINION

PER CURIAM.

{1} This matter came before the Court upon the recommendation of the disciplinary board in proceedings conducted pursuant to the Rules Governing Discipline, Rules 17–101 through 17–316 NMRA 2001. Based on the judgments resulting from criminal proceedings in which Joseph Frontino pleaded guilty to three counts of fraud and three counts of embezzlement, a hearing committee of the disciplinary board concluded that respondent violated Rules 16–804(B) and 16–804(H) NMRA 2001 of the Rules of Professional Conduct. We adopt the recommendation of the disciplinary board and order that Joseph Frontino be disbarred.

{2} Respondent was admitted to the State Bar of New Mexico in 1994. In 1998, he was suspended from the practice of law due to nonpayment of annual disciplinary and state bar fees. *See* Rules 17–203(B), 24–102 NMRA 2001. In 1999, respondent became

the subject of criminal charges in Santa Fe County and Bernalillo County. The criminal charges alleged that on several occasions in 1997, respondent embezzled valuable photographic prints from the libraries of the University of New Mexico in Albuquerque and fraudulently obtained payment for those prints from the proprietors of art galleries in Santa Fe. These acts of fraud and embezzlement occurred while respondent was licensed to practice law in New Mexico.

{3} In a plea and disposition agreement filed in the Second Judicial District Court on April 6, 2000, respondent pleaded guilty to three counts of embezzlement (over $2,500), which is a third-degree felony under NMSA 1978, § 30–16–8 (1995). In another plea and disposition agreement filed in the First Judicial District Court on April 10, 2000, respondent pleaded guilty to one count of fraud (over $2,500) and two counts of fraud (over $250). Under NMSA 1978, § 30–16–6 (1987), fraud (over $2,500) is a third-degree felony, and fraud (over $250) is a fourth-degree felony. Following judgment and sentencing in the above criminal proceedings, respondent failed to turn himself in to the Bernalillo County Detention Center to begin serving his sentence and the district court issued bench warrants for his arrest.

{4} Respondent's felony convictions were reported to the disciplinary board, where they became the subject of a chief disciplinary counsel complaint pursuant to Rule 17–105(B)(2), and a petition for summary suspension pursuant to Rule 17–207(A)(1), which this Court granted. Formal disciplinary proceedings also were instituted against respondent by the filing of a specification of charges pursuant to Rule 17–309(A). During the course of these disciplinary proceedings, respondent's failure to comply with his court-ordered child-support obligation was brought to the attention of the disciplinary board and this Court pursuant to Rule 17–203(C), and respondent was summarily suspended from the practice of law on this basis as well.

{5} The office of disciplinary counsel served the charges of professional misconduct upon respondent by sending them to him via certified mail, return receipt requested, at the address listed on his most recent registration statement on file with this Court. Service in this manner upon a respondent-attorney is permitted in disciplinary matters pursuant to Rules 17–202(F), 17–301(C), and 17–309(D), and satisfies the requirements of due process in such matters. See In re Lally, 1999–NMSC–003, ¶ 12, 126 N.M. 566, 973 P.2d 243; In re Schmidt, 1997–NMSC–008, 122 N.M. 770, 772, 931 P.2d 1386, 1388.

{6} Respondent failed to file an answer to the specification of charges within the prescribed period of time, and, consequently, the disciplinary charges against him were deemed admitted pursuant to Rule 17–310(C). See In re Krob, 1997–NMSC–037, ¶ 4, 123 N.M. 652, 944 P.2d 881. The hearing committee held a hearing to consider factors in aggravation and mitigation and recommendations for an appropriate sanction. At the hearing, disciplinary counsel introduced certified copies of the judgments against respondent and the guilty pleas that he had entered, which served as conclusive evidence that respondent committed the crimes in question. See Rule 17–207(C). Respondent failed to appear at the hearing and remained a fugitive throughout the course of the disciplinary proceedings.

{7} Respondent cannot avoid disciplinary sanctions by becoming a fugitive from justice and failing to notify disciplinary counsel or this Court of a change of address. See In re Nails, 105 N.M. 639, 639, 735 P.2d 1145, 1145 (1987). By intentionally failing to turn himself in as required under the district court's orders, and by intentionally failing to provide this Court with his current mailing address as required by Rules 17–202 and 17–212(D), respondent has engaged in bad-faith obstruction of this disciplinary proceeding. We consider such obstruction to be an aggravating circumstance that may justify an increase in the degree of discipline to be imposed. See Standards for Imposing Lawyer Sanctions § 9.22(e) (1991)(amended 1992).

{8} Rule 17–205 states, in relevant part, that: "It is the duty of every recipient of the conditional privilege to practice law to conduct himself [or herself] at all times, both professionally and personally, in conformity with the standards imposed upon members of

the bar as conditions for that privilege." We impose this duty because lawyers are not only providers of legal services to clients but also officers of the courts. "The public cannot be expected to have respect for our system of justice if we permit the officers of our courts to violate the very laws they are sworn to uphold and upon which they advise and counsel others to comply." *In re Cox*, 117 N.M. 575, 576, 874 P.2d 783, 784 (1994). Thus, the fact that respondent's criminal convictions for fraud and embezzlement arose from his personal conduct rather than his provision of legal services to a client does not exempt him from professional discipline.

{9} The uncontested facts before us amply support the conclusion that respondent violated Rule 16–804(B), by committing criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, and Rule 16–804(H), by engaging in conduct that adversely reflects on his fitness to practice law. While we recognize that respondent faces substantial criminal penalties for the conduct giving rise to his violations of Rule 16–804(B) and (H), such penalties do not preclude the imposition of professional discipline because professional discipline serves a different purpose than a criminal penalty. *See generally State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 631, 904 P.2d 1044, 1056 (1995). As stated in the Preface to the Rules Governing Discipline, "[t]he purpose of discipline of lawyers is the protection of the public, the profession and the administration of justice, and not the punishment of the person disciplined." In order to protect the public, the profession, and the administration of justice, respondent must be disbarred.

{10} Disbarment is an appropriate sanction when "a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft." *Standards for Imposing Lawyer Sanctions*, § 5.11(a). Respondent's crimes of fraud and embezzlement were serious and involved most of these elements. We have not hesitated to disbar lawyers convicted of such serious crimes. *See In re*

*Benavidez*, 111 N.M. 642, 808 P.2d 612 (1991) (embezzlement and aggravated assault with a deadly weapon); *In re Griffin*, 101 N.M. 1, 677 P.2d 614 (1983) (securities fraud); *In re Kraemer*, 112 N.M. 101, 811 P.2d 1312 (1991) (same); *In re Lopez*, 116 N.M. 699, 866 P.2d 1166 (1994) (embezzlement).

{11} Further, "it is the policy of this Court that attorneys should not be allowed to practice law while on probation under a criminal sentence." *In re Norrid*, 100 N.M. 326, 670 P.2d 580 (1983). We explicitly reaffirmed this policy in *Cox*, 117 N.M. at 576, 874 P.2d at 784. Accordingly, we will not permit respondent to apply for reinstatement until he has served his criminal sentences and been fully released from probation upon successful fulfillment of all requirements in connection therewith. As a condition precedent to reinstatement, respondent also shall be required to obtain a certificate of compliance with his child-support obligations as required by Rule 17–203(C) and pay the costs of this disciplinary proceeding.

{12} Now, therefore, it is ordered that the respondent, Joseph Frontino, hereby is disbarred from the practice of law pursuant to Rule 17–206(A)(1).

{13} Respondent shall follow the procedures for reinstatement outlined in Rule 17–214(A), and, prior to the filing of any petition for permission to apply for reinstatement, respondent shall satisfy the following terms and conditions:

(1) Respondent shall demonstrate that he has been fully released from custody and probation upon successful fulfillment of all requirements in connection with the sentences imposed on him as a result of his convictions, including but not limited to, the four-year sentence of incarceration; the five-year suspended sentence during which respondent shall be placed on supervised probation following release from custody; the payment of restitution to the University of New Mexico in the amount of $116,000; the payment of restitution to the victims of his fraud in the amount of $39,170; and other special conditions of probation that may be ordered in the judgments, suspended or partially suspended

sentences, and commitments filed in causes numbered CR–99–03376 and D–0101–CR–99–00822.

(2) Respondent shall observe and comply with the Rules of Professional Conduct and the Rules Governing Discipline, including the requirements for disbarred attorneys in Rule 17–212, and the provisions of Rule 17–203(C), (D), and (E);

(3) Respondent shall pay the costs of this action in the amount of $212.70 pursuant to Rule 17–106(B) on or before June 22, 2001, with interest to accrue at the rate of fifteen percent (15%) per annum on any unpaid balance as of that date, and said costs shall be reduced to a transcript of judgment.

{14} Should respondent satisfy the above-described conditions and obtain approval from this Court to apply for reinstatement, respondent shall satisfy the additional requirements of Rule 17–214(D), (E), and (G) prior to the granting of any application for reinstatement.

{15} IT IS SO ORDERED.