JUSTICE NELSON
specially concurs.
¶59 I concur in the result we reach today, but not in all of the Court’s reasoning.
¶60 First, with respect to Cassady’s knock-and-announce claim, I agree with the Court that the Officers’ failure to knock and announce their presence prior to entering Cassady’s home violated his constitutional right to be free from unreasonable searches and seizures. As we explained in State v. Anyan, 2004 MT 395, 325 Mont. 245, 104 P.3d 511,
a mere suspicion that weapons would be at a residence does not provide an exigency for the officers’ failure to properly knock and announce their presence. “Our cases have made it clear that generalized fears about how drug dealers usually act or the weapons that they usually keep is not enough to establish exigency.” United States v. Granville (9th Cir. 2000), 222 F.3d 1214, 1219. Evidence that firearms are within the residence or that a particular defendant is armed is not by itself sufficient to create an exigency. [United States v. Becker (9th Cir. 1994), 23 F.3d 1537, 1541]; United States v. Marts (8th Cir. 1993), 986 F.2d 1216, 1218. There must be specific information to lead the officers to a reasonable conclusion that the presence of firearms raises concerns for the officers’ safety. [United States v. Moore (10th Cir. 1996), 91 F.3d 96, 98].
Anyan, ¶ 44. Here, as the Court observes, any possibility of Cassady’s demonstrating violence against the Officers did not rise to the level of relieving them of their constitutional duty to knock and announce their presence. ¶ 36.
*389 ¶61 I further agree with the Court that the Officers are entitled to qualified immunity on the knock-and-announce violation, though it is not clear from the Court’s Opinion on what authority the Court is relying for our conclusion that the Officers’ mistakes as to the legality of their actions were objectively “reasonable.” See Saucier v. Katz (2001), 533 U.S. 194, 205, 121 S.Ct. 2151, 2158 (“If the officer’s mistake as to what the law requires is reasonable ... , the officer is entitled to the immunity defense.” (emphasis added)). I also question whether it was “reasonable” for the Officers to forego knocking and announcing their presence based on the belief that doing so was “unnecessary,” ¶ 45, given that the exceptions to the knock-and-announce requirement are based on exigencies, not lack of necessity, ¶ 31.
¶62 Lastly, with respect to Cassady’s excessive force claim, I agree with the Court that the Officers’ use of force following their entry into Cassady’s home was not excessive and, therefore, did not constitute a constitutional violation. As the Court states, Sergeant Wallis observed a laser sight on Lieutenant Schieno’s face immediately upon their entry into Cassady’s home; Wallis knew that the laser likely originated from a gun aimed at Schieno; the Officers identified themselves as law enforcement and repeatedly ordered Cassady to drop his weapon; and Cassady did not comply. Given these circumstances, Wallis had probable cause to believe that Cassady posed a significant threat of death or serious physical harm to the officers-Schieno in particular. Cf. Tennessee v. Garner (1985), 471 U.S. 1, 11-12, 105 S.Ct. 1694, 1701 (“[I]f the suspect threatens the officer with a weapon ..., deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.”). Accordingly, Wallis’s shooting at Cassady was objectively reasonable under the circumstances.
With these caveats, I concur in the decision of the Court.