EDWARDS, Senior Circuit Judge,
concurring:
I agree with my colleagues that the question to be addressed in this appeal is not whether the officers’ no-knock, nighttime search violated appellees’ Fourth Amendment rights, but, rather, whether the officers’ actions violated clearly established law. I write separately merely to highlight what I believe to be some salient matters related to the knock-and-announce issue.
I think it is a close question whether appellants’ failure to knock and announce *1127 their presence before entering appellees’ home violated appellees’ Fourth Amendment rights. I do not believe, however, that appellants’ actions violated clearly established law.
As the per curiam opinion makes clear, the Supreme Court’s decision in Richards v. Wisconsin, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), is crucially important to the disposition of the no-knock issue. In Richards, the Court explicitly rejected reliance on categorical, per se, or blanket rules to justify exceptions to the general standard that police officers executing a search warrant must knock on the door and announce their identity and purpose before attempting forcible entry of a dwelling. See id. at 387-88, 117 S.Ct. 1416.
The appellants responsible for the no-knock entry into appellees’ home claim that they were justified in their actions because of the threat of physical violence involved in executing the warrant at 1312 Queen Street. Relying primarily on United States v. Ramirez, 523 U.S. 65, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998), United States v. Geraldo, 271 F.3d 1112 (D.C.Cir.2001), and United States v. Crippen, 371 F.3d 842 (D.C.Cir.2004), appellants argue that they committed no constitutional violations in the execution of the search warrant. In the alternative, they argue that “the law was not clearly established that a no-knock entry in this particular situation was unconstitutional.” Appellants’ Br. at 27.
Appellees counter that appellants’ asserted reasonable suspicion of danger is not sufficiently particularized, but rather rests on nothing more than a prohibited categorical rule or procedure. Appellees contend that “[generalized claims that a murder suspect, a drug dealer, or an armed robber might be violent and be at the home to be searched, or that the item sought is a firearm, are insufficient.” Appellees’ Br. at 13. Relying primarily on Richards, appellees argue that the law prohibiting reliance on such blanket rules is so clearly established that any reasonable officer would have been aware that invocation of such an exception violated the Fourth Amendment. Appellees claim that
[t]he District takes the position that a search for a gun in a murder suspect’s home always justifies a no-knock entry. Indeed, at times, the District goes [so] far as to suggest that the mere suspected presence of an assault rifle, with nothing more, would justify the failure to knock and announce. It is impossible to square that position with controlling Supreme Court precedent.
Appellees’ Br. at 43 (citations omitted).
In further support of their position, appellees point to cases from several of our sister circuits holding that information regarding the presence of a firearm in the place to be searched is, without more, insufficient to excuse a failure to adhere to the knock-and-announce requirement. See United States v. Moore, 91 F.3d 96, 98 (10th Cir.1996); United States v. Bates, 84 F.3d 790, 795 (6th Cir.1996); United States v. Marts, 986 F.2d 1216, 1218 (8th Cir.1993). Finally, in support of their argument, appellees rely heavily on Kornegay v. Cottingham, 120 F.3d 392 (3d Cir.1997).
As explained in the per curiam opinion, exceptions to the knock-and-announce rule based on general categories of criminal behavior are prohibited by Richards. Indeed, in Crippen, this court made it clear that
[t]here are ... no bright-line rules or per se exceptions to the knock and announce requirement; we must therefore evaluate each claim of exigent circumstances upon “the facts and circumstances of the particular entry.”
*1128 371 F.3d at 845 (quoting Richards, 520 U.S. at 394, 117 S.Ct. 1416).
Thus, there can be little doubt that, under Richards, the mere presence of a firearm, without more, cannot justify a no-knock entry. Were it otherwise, the police would always be free to execute a no-knock entry whenever the crime under investigation is possession of a firearm. Richards explicitly and unequivocally prohibits such categorical exceptions to the knock-and-announce requirement. Moreover, as appellees point out, the cited decisions from the Sixth, Eighth and Tenth Circuits endorse this principle, as do decisions from the Fourth and Ninth Circuits. See Gould v. Davis, 165 F.3d 265, 272 (4th Cir.1998); United States v. Fluker, 543 F.2d 709, 717 (9th Cir.1976).
Appellants do not seriously contest appellees’ contentions regarding Richards. In their argument to this court, appellees do not rely exclusively on the fact that the crime under investigation was an armed murder or that the object of the search was a firearm. Rather, they focus on all of the circumstances that posed a threat of violence during the execution of the warrant. See Appellants’ Br. at 22-23. Appellants note, in passing, that there is a statement in Crippen asserting that Gemido “explicitly reserved the question whether the mere presence of a gun could be sufficient” to excuse police from the knock- and-announce requirement. Crippen, 371 F.3d at 845 (citing Geraldo, 271 F.3d at 1118). This is a curious assertion, because it runs directly counter to the Supreme Court’s holding in Richards and finds no support in Gemido. In any event, appellants certainly do not rest their case on this misplaced dicta. The law is exactly as indicated elsewhere in Crippen: “There are ... no bright-line rules or per se exceptions to the knock and announce requirement.” 371 F.3d at 845 (citing Richards, 520 U.S. at 394, 117 S.Ct. 1416).
On the record before us, a court might agree with appellees that appellants’ no-knock entry contravened the strictures of the Fourth Amendment. However, for the reasons stated in the per curiam opinion, I agree that, before the officers entered into appellees’ home, they had enough particularized information to avoid the evils of “overgeneralization” noted in Richards. See 520 U.S. at 393, 117 S.Ct. 1416. The record in this case is thus unlike a situation that might be presented if officers sought to justify a failure to follow the knock-and-announce requirement on little more than the type of criminal investigation involved.
Appellees rely heavily on Kornegay v. Cottingham, 120 F.3d 392 (3d Cir.1997), in support of their claim that appellants’ actions in this case abridged the commands of Richards. The warrant in Komegay authorized a search for a person, Shannon Selby, who was suspected of being the accomplice to a murder, and for the gun used to commit the murder. See id. at 394, 397. The warrant was issued on the strength of police information indicating that the plaintiffs home was the residence of the accomplice. Id. at 397-98. The district court held that a no-knock entry was justified because the “warrant was for a first degree murder suspect who was a known drug dealer with previous arrests for felony offenses involving the use of a weapon, and the gun used in the murder had not been recovered.” Id. at 398 (citation omitted).
As described in the per curiam, the Third Circuit reversed. Relying primarily on Richards, the Third Circuit concluded that “the reasons offered in support of [the no-knock] search merely ‘consisted of generalities that bore no relation to the particular premises being searched or the partic *1129 ular circumstances surrounding the search.’ That conclusion suggests either that the officers’ concern that Selby was armed and dangerous was unreasonable or that the officers employed a generalized procedure that was unreasonable as applied to Kornegay’s home.” Id. (citation omitted). Citing Richards, the court concluded that “the risks generally surrounding murder investigations did not necessarily create an exigent circumstance in this case.” Id. at 399.
As the per curiam opinion points out, however, Komegay does not advance appellees’ position, because, in contrast to Komegay, the officers in this case had particularized information bearing on the danger that the police could encounter in executing the search warrant, including a reasonable suspicion to believe that John Youngbey had used an assault weapon to shoot the victim multiple times. It is quite clear from the per curiam opinion that the sum total of the circumstances faced by the officers in this case supports inferences of risk greater and more specific than those “generally surrounding murder investigations.”
Appellees also argue that appellants’ reliance on United States v. Ramirez, 523 U.S. 65, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998), United States v. Geraldo, 271 F.3d 1112 (D.C.Cir.2001), and United States v. Crippen, 371 F.3d 842 (D.C.Cir.2004) is misplaced. There is something to this argument. An assault rifle is a formidable weapon, but it is not a weapon of war capable of breaching a hardened target— such as an armored tank—as was the bazooka at issue in Crippen. Moreover, there is no evidence that the officers here were aware of specific threats of violence of the sort that the police searching the premises in Geraldo faced. And appellants do not suggest that John Youngbey had anything approaching the violent history toward law enforcement personnel that the escapee in Ramirez exhibited. Indeed, appellants’ Operational Plan does not characterize John Youngbey as posing a particular risk to the searching officers. Nonetheless, appellants assert that Ramirez, Geraldo, and Crippen conclusively support their claim that their no-knock search did not violate appellants’ Fourth Amendment rights. It is far from clear to me that appellants’ actions did not violate appellees’ Fourth Amendment rights, but I agree with the per curiam opinion that we need not reach this matter.
Ramirez, Geraldo, and Crippen involve circumstances that differ from the situation faced by appellants in this case, and thus may not support appellants’ contention that they committed no violation of appellees’ Fourth Amendment rights. Nonetheless, I agree with my colleagues that “these authorities are close enough to the particular circumstances of the search at issue here that we can say, with assurance, that the law was not clearly established that a no-knock entry in this particular situation was unconstitutional.”