677 P.2d 614

**In the Matter of Melvyn Lee GRIFFIN, Attorney at Law.**

No. 14997.

Supreme Court of New Mexico.

Sept. 19, 1983.

## OPINION

On August 13, 1982, Melvyn Lee Griffin (Griffin) pled no contest to knowingly combining with another for the purpose of committing the felony of securities fraud relating to the purchase of residential property contrary to NMSA 1978, Section 30–28–2 (Cum.Supp.1983), and NMSA 1978, Sections 58–13–39(A) and 58–13–43. On October 20, 1982, Griffin's sentence was deferred, and he was placed on probation for 18 months.

On November 3, 1982, pursuant to NMSA 1978, Supreme Court Rules Governing Discipline Rule 13, we suspended Griffin and referred the matter to the Disciplinary Board.

A Specification of Charges was filed against Griffin on December 16, 1982, accusing him of having knowingly combined with another for the purpose of fraudulently obtaining low interest loans from the New Mexico Mortgage Finance Authority (Finance Authority), for the purchase of residential property located in Albuquerque. Griffin denied the allegations against him.

On March 16, 1983, an evidentiary hearing was held before a Disciplinary Board hearing committee (Committee), at which time a certificate of Griffin's conviction was introduced into evidence. Pursuant to Rule 13, a certificate of conviction of an attorney for any crime is conclusive evidence of the commission of that crime in any disciplinary proceeding.

On April 1, 1983, the Committee found that Griffin had entered into a conspiracy which deprived eligible borrowers from obtaining loans under the Finance Authority. The Committee further found that Griffin's conduct constituted acts of dishonesty, deceit and misrepresentation that adversely reflected upon his fitness to practice law in violation of NMSA 1978, Code of Professional Responsibility Rules 1–102(A)(3), 1–102(A)(4) and 1–102(A)(6) (Repl.Pamp.1982). The Committee recommended that Griffin's license to practice law be suspended for a total of six months commencing from the date of his initial suspension, November 3, 1982.

The matter was referred to a panel of the Disciplinary Board which affirmed the recommendation of the Committee and requested that costs be assessed against Griffin.

This matter came before this Court on July 6, 1983, for oral argument.

We adopt the Disciplinary Board's findings that Griffin's conduct violated Rules 1–102(A)(3), 1–102(A)(4) and 1–102(A)(6). However, it is inconsistent with the practice of law under a license granted by this Court for an attorney to be allowed to practice law while he is on probation for a criminal sentence for a serious crime such as this.

We therefore disbar Griffin from the practice of law in all of the Courts of the State of New Mexico for the period of time that he is on probation for the felony con-

**2**

viction and that his sentence is deferred. We will entertain a motion for reinstatement at the time of the termination of the probation, upon a showing that he has taken and passed the Multi-state Professional Responsibility Examination with a score set by this Court under the Rules for Admission to the New Mexico State Bar, and that he has paid all outstanding costs.

Costs of these proceedings are assessed against Griffin in the amount of $694.72.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, RIORDAN and STOWERS, JJ., concur.