[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The Statewide Grievance Committee, hereinafter, the Committee, filed the instant action on November 26, 1997 seeking reciprocal discipline,[1] against the respondent, Robert A. Hochberg, as a result of his guilty plea dated August 4, 1997 to one count of conspiracy to defraud a federally insured institution in violation of 18 U.S.C. § 1344. As part of his sentencing agreement, he agreed to surrender his license to practice law in the Commonwealth of Massachusetts and on November 18, 1997, the Supreme Judicial Court for Suffolk County ordered him disbarred.
On August 26, 1997, the Appellate Court issued its decision in Statewide Grievance Committee v. Spirer, 46 Conn. App. 450,669 A.2d 1047 (1997) in which it held that a trial court must apply the time requirements of General Statutes § 51-91a to applicable attorney disciplinary suspensions.[2] Prior to argument before this court, our Supreme Court granted certiorari,243 Conn. 959, 705 A.2d 552 (1998) and, accordingly, on April 17, 1998, this court ordered that the respondent, Robert A. Hochberg be placed on interim suspension and stayed the matter until the CT Page 9587 Supreme Court's decision.
On March 22, 1999, the Supreme Court reversed the Appellate Court in Statewide Grievance Committee v. Spirer, 247 Conn. 762,725 A.2d 948 (1999) and the respondent filed his motion to both terminate the stay and set aside the interim suspension. This court heard argument on April 28, 1999.
 II.
In its April 17, 1998 decision, this court reviewed the factual background as well as the current law applicable to presentments in which an attorney is convicted of committing fraud. This court also reviewed the American Bar Association's Standards for Lawyer Sanctions and compared the aggravating and mitigating circumstances in this matter. That discussion and those findings are adopted herein and thus this court sees no reason now to repeat that discussion. It would appear that with the exception of Mr. Hochberg's medical problems — which are getting worse nothing has materially changed in this case.[3]
Once again this court heard from associates who testified as to how helpful and charitable Mr. Hochberg has been to his fellow workers. His argument is essentially the same: first, the act took place eleven years ago and occurred while he abused alcohol and pain medications to alleviate constant back pain. Second, he has an otherwise clean disciplinary record and is very remorseful.
The respondent thus argues that the interim suspension previously imposed on April 17, 1998 should now be terminated and considered to be Mr. Hochberg's full sanction. The Committee disputes the allegation that the felony was committed as a result of any alcohol or drug abuse and argues that this court should either impose a commensurate sanction of disbarment or, at a minimum, impose a suspension for the length of his sentence. On November 17, 1997, Mr. Hochberg was sentenced to a three year term of incarceration, execution suspended, with a three year term of probation as well as being ordered to pay certain fines and costs. He is obviously still serving out that term.
The Standards, at section 5.11 state that "[d]isbarment is generally appropriate when: (a) a lawyer engages in a serious criminal conduct a necessary element of which includes . . . fraud., or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that CT Page 9588 seriously adversely reflects on the lawyer's fitness to practice." Section 5.12 provides the penalty of suspension for that conduct which is not covered by section 5.11. Thus, the starting point, at least according to the Standards, is disbarment — and that is exactly what took place in the Commonwealth of Massachusetts. Nevertheless, it is also clear that trial courts retain a fair amount of discretion to arrive at a lesser penalty if authorized by the Practice Book rules; seeStatewide Grievance Committee v. Spirer, supra, 247 Conn. 778-80. The Committee has thus asked this court, in one of its alternative requests, to order a suspension which, at a minimum, runs concurrently with the criminal sentence. See In reApplication of Dortch, Md. Ct. App., Misc. No. 16 1/6/97; In theMatter of Eugene D. Micci, 225 App.Div.2d 888, 639 N.Y.S.2d 642
(1996); In the Matter of Michael G. Marinangeli, 211 App.Div.2d 272,628 N.Y.S.2d 79 (1995); In the Matter of John S. Ament, 38 Tex. Sup. Ct. J. 151, 890 S.W.2d 39 (1994); In re Culpepper, 770 F. Sup. 366
(E.D. Mich. 1991); In re Disciplinary Proceeding v. Walgren,708 P.2d 380 (Wash. 1985); Matter of Griffin, 101 N.M. 1,677 P.2d 614 (1983); The Florida Bar Petition of Pahules,382 So.2d 650 (Fla. 1980).
This court is in agreement with those courts that have held that a suspension for the period of parole/probation is an appropriate sanction. First, the fact that the execution of the three year sentence was suspended does not expunge the sentence; it is simply served under the conditions and terms of probation rather than within a prison. This court finds reinstatement, or termination of the interim suspension, while an attorney is serving his sentence to be imprudent. As noted by the court in Inre Culpepper, supra, 770 F. Sup. 373, which was faced with a somewhat similar situation, "[a]lthough the Court was impressed with Mr. Culpepper's testimony and sincerity concerning his contrition and rehabilitation, as well as the testimony of other witnesses at the hearing regarding his competence and learning in the law, the Court finds that his resumption to the practice of law before this Court before he has completed his term of parole on the sentence of incarceration on Counts 3 and 4 would be detrimental to the integrity and standing of the Federal Bar." Id., 373[4] That court further added," [a]t a time such as the present when the ethics and practices of the legal profession are under intense public scrutiny and criticism, it seems to this court inappropriate to reinstate to the practice of law an attorney who is still serving a sentence of incarceration imposed by this court . . . In this Court's view, it would be a disservice CT Page 9589 to the public, to the practicing bar and this Bench to effectively say that, although a person is legally disabled, by virtue of his criminal conviction status, from serving as a juror, it is acceptable for him to serve as an officer of this court." Id., 374.[5]
As stated by our Supreme Court:
"An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited. In re Peck, 88 Conn. 447, 450, 91 A. 274
(1914). Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession. . . . Statewide Grievance Committee v. Botwick,226 Conn. 299, 307, 627 A.2d 901 (1993)." (Internal quotation marks omitted.) Massameno v. Statewide Grievance Committee,234 Conn. 539, 554-55, 663 A.2d 317 (1995), citing Statewide GrievanceCommittee v. Shluger, 230 Conn. 668, 674-75, 646 A.2d 781 (1994).
Moreover, the Standards at section 5.0 state" [t]he most fundamental duty which a lawyer owes the public is the duty to maintain the standards of personal integrity upon which the community relies. The public expects the lawyer to be honest and abide by the law; public confidence in the integrity of the officers of the court is undermined when lawyers engage in illegal conduct." Such confidence would be undermined with attorneys practicing while serving their sentence. In this case, taking into account Mr. Hochberg's past (with the exception of the events of 1988 constituting the criminal conduct) and present conduct and activities, it is entirely appropriate to impose a lesser sanction than disbarment. Nevertheless, his right to practice law should be suspended while serving a criminal sentence. Accordingly, pursuant to the provisions of Practice Book §§ 2-39 and 2-41, this court orders that Mr. Hochberg be CT Page 9590 suspended from the practice of law for a period of three years commencing November 21, 1997 and his readmission is contingent upon successful completion of his probation.
Berger, J.