2006-NMSC-013

131 P.3d 1282

**In the Matter of Robert Dale TREINEN.**

**An Attorney Licensed to Practice Before the Courts of the State of New Mexico.**

**No. 29,424.**

Supreme Court of New Mexico.

March 28, 2006.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, NM, for Petitioner.

Briggs F. Cheney, Esq., Albuquerque, NM, for Respondent.

**OPINION**

PER CURIAM.

{1} This matter is before the Court following attorney disciplinary proceedings conducted according to the Rules Governing Discipline. This Court is called upon to resolve two issues. First, whether this Court has the authority to impose discipline on an attorney who has pled no contest to a criminal act and who has been given a conditional discharge pursuant to NMSA 1978, Section 31–20–13(A) (1994). And second, whether there may be an exception in this case to this

Court's general rule that attorneys on probation for a criminal offense will not be permitted to practice law. *See In re Griffin,* 101 N.M. 1, 1, 677 P.2d 614, 614 (1983) ("[I]t is inconsistent with the practice of law under a license granted by this Court for an attorney to be allowed to practice law while he is on probation for a criminal sentence for a serious crime such as this."). We answer both questions in the affirmative and adopt the recommendation of the Disciplinary Board that Robert Dale Treinen (Respondent) receive a deferred suspension and be placed on disciplinary probation pursuant to Rule 17–206(A)(2), (B)(1) NMRA 2006.

## BACKGROUND

{2} Respondent entered a plea of no contest to one misdemeanor count for battery against a household member and two felony counts for intimidation of a witness and false imprisonment. He initially was given a deferred sentence and placed on supervised probation for a period of five years. However, the lower court reconsidered its previous sentence and instead placed Respondent on supervised probation under a conditional discharge pursuant to Section 31–20–13(A). The amended order of conditional discharge included the following recommendation by the district court judge:

> This Court/Judge VERY STRONGLY and EMPHATICALLY recommends that the Defendant NOT be suspended or disbarred from the practice of law. Except for this unfortunate and highly uncharacteristic incident, he has no other felony arrests, and provides highly needed legal services to poor and disadvantaged persons (in one of the VERY FEW law firms to provide these critical services—commonly at little or no charge to these disadvantaged persons—and these many disadvantaged victims and persons in particular, and the public in general would be greatly damaged by any suspension or disbarment.) Also, on his own initiative (without suggestion or request of the Court) he entered, attended and fully participated in and completed anger/conflict management, Domestic Violence counseling & treatment and alcohol counseling, is highly and sincerely remorseful of the present incidents, took

full responsibility in the Pleas and at Sentencing, and his counselors emphasize that Defendant is HIGHLY UNLIKELY to ever repeat any violent conduct, toward anyone.

## DISCUSSION

{3} A sentence of conditional discharge may be imposed under Section 31–20–13(A), which provides, in pertinent part, that

> [w]hen a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, *without entering an adjudication of guilt,* enter a conditional discharge order and place the person on probation on terms and conditions authorized by [NMSA 1978, Section 31–20–5 (2003) and NMSA 1978, Section 31–20–6 (2004) ].

(Emphasis added.)

{4} Respondent argues that the imposition of a conditional discharge precludes the imposition of discipline by this Court on the basis of his probationary status because there has been no "adjudication of guilt." *See State v. Fairbanks,* 2004–NMCA–005, ¶ 8, 134 N.M. 783, 82 P.3d 954 (ruling that if a conditional discharge is granted "[o]nce the probationary period has been successfully completed, the person must be discharged and charges must be dismissed, without an adjudication of guilt, and the discharge or dismissal *may not be deemed a 'conviction' for any purpose* "); *State v. Brothers,* 2002–NMCA–110, ¶ 10, 133 N.M. 36, 59 P.3d 1268 (emphasizing that there is a clear distinction between a deferred sentence and a conditional discharge and noting that to hold otherwise would "render the legislative enactment of the conditional discharge statute meaningless"); *State v. Herbstman,* 1999–NMCA–014, ¶ 11, 126 N.M. 683, 974 P.2d 177 (1998) ("The legislature enacted the conditional discharge statute as an alternative to a suspended or deferred sentence. [A] conditional discharge order is entered without entry of an adjudication of guilt.") (citation omitted).

{5} We reject the notion that a conditional discharge precludes this Court from imposing discipline against an attorney who violates our Rules of Professional Conduct. We

recognize that Rule 16–804(B) NMRA 2006 provides that "[i]t is professional misconduct for a lawyer to ... commit a criminal act," but that rule does not require that the lawyer must be convicted of a criminal act. Accordingly, we have in the past disbarred attorneys for engaging in apparent criminal conduct even though there had been no criminal prosecution or conviction. *See, e.g., In re Duffy,* 102 N.M. 524, 526, 697 P.2d 943, 945 (1985) (Riordan, J., specially concurring) (noting that the disciplinary matter was not referred for possible criminal prosecution even though the attorney was disbarred for conversion of client funds to personal use); *In re Ortega,* 101 N.M. 719, 723, 688 P.2d 329, 333 (1984) (disbarring attorney and providing record of disciplinary proceedings to the district attorney to determine whether criminal charges were warranted); *cf. In re Segal,* 430 Mass. 359, 719 N.E.2d 480, 485 (1999) (ruling that disciplinary proceeding not precluded by acquittal of lawyer in criminal prosecution arising from same conduct); *In re Karahalis,* 429 Mass. 121, 706 N.E.2d 655, 658 (1999) (suspending lawyer for bribing a member of Congress although lawyer was never charged with crime); *In re McEnaney,* 718 A.2d 920, 921 (R.I.1998) ("An attorney does not need to be convicted of a crime to be charged with misconduct that violates the Rules of Professional Conduct.").

■ {6} Despite Respondent's suggestion that the conditional discharge statute was intended to preclude disciplinary proceedings, and despite what the Court of Appeals has interpreted the statute to mean in other contexts, we simply note that this Court has the sole authority to direct what constitutes grounds for the discipline of lawyers. The authority of the New Mexico Supreme Court emanates from the New Mexico Constitution, Article VI, Section 3, which gives the Court "superintending control over all inferior courts" and carries with it the inherent power to regulate all pleading, practice, and procedure affecting the judicial branch of government. *See* NMSA 1978, § 36–2–1 (1941) (codifying the Supreme Court's constitutional authority to define and regulate practice of law); *State ex rel. Anaya v. McBride,* 88 N.M. 244, 246, 539 P.2d 1006, 1008 (1975) (recognizing that the Supreme Court's constitutional power of superintending control carries with it inherent power to regulate all pleading, practice, and procedure affecting the judicial branch of government). Our inherent power of superintending control encompasses as well this Court's authority and duty to prescribe the qualifications for admission to the bar, to prescribe standards of conduct for lawyers, to determine what constitutes grounds for the discipline of lawyers, and to discipline, for cause, any person admitted to practice law in this state. *See* NMRA, Discipline Rules, Preface.

■ {7} Any legislative attempt to limit what conduct we may consider as grounds for imposing attorney discipline would be an unconstitutional infringement of this Court's authority to regulate the practice of law. *Cf. Application of Sedillo,* 66 N.M. 267, 273, 347 P.2d 162, 166 (1959) (invalidating a statute that sought to establish less restrictive educational requirements for the practice of law than prescribed by this Court's rules for admission to the bar because the legislation was "an unconstitutional invasion of the judicial powers"); *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.,* 85 N.M. 521, 528–29, 514 P.2d 40, 47–48 (1973) (rejecting an interpretation of two statutes that would permit unlicensed persons to practice law in magistrate court as an unconstitutional invasion of the Court's "exclusive constitutional prerogative" to regulate the practice of law).

■ {8} In sum, a criminal conviction is not a prerequisite to disciplining an attorney for criminal conduct, and any legislative attempt to provide otherwise would be unconstitutional. In any event, we do not believe the Legislature intended to encroach upon our disciplinary authority with its enactment of Section 31–20–13(A). For these reasons, we conclude that a sentence of conditional discharge does not prevent this Court from imposing discipline for criminal conduct. We now consider what discipline would be appropriate in this instance.

{9} We have repeatedly ruled that attorneys on probation for a criminal offense will not be permitted to practice law pursuant to a license granted by this Court and have routinely disbarred or suspended attorneys

for the duration of any sentence of probation. *See, e.g., In re Lopez,* 116 N.M. 699, 866 P.2d 1166 (1994); *In re Bryan,* 116 N.M. 745, 867 P.2d 415 (1993); *In re Kraemer,* 112 N.M. 101, 811 P.2d 1312 (1991); *In re McCulloch,* 103 N.M. 542, 710 P.2d 736 (1985); *In re Griffin,* 101 N.M. 1, 677 P.2d 614; *In re Norrid,* 100 N.M. 326, 670 P.2d 580 (1983). This policy was most recently reiterated in *In re Key,* 2005–NMSC–014, 137 N.M. 517, 113 P.3d 340, and *In re Mikus,* 2006–NMSC–012, 139 N.M. 653, 131 P.3d 653.

{10} In *In re Key,* we also had occasion to allude to one, very limited, exception that we made to our policy in an unreported case. 2005–NMSC–014, ¶ 11, 137 N.M. 517, 113 P.3d 340. In that unreported case, *In re Stribling,* No. 26,781, the attorney received a conditional discharge in a state court criminal proceeding, and his suspension from the practice of law was deferred and probation imposed pursuant to Rule 17–206(B)(1). Respondent Key argued for similar treatment in his case because he also was on criminal probation following his conviction in federal court for tax-related crimes. *In re Key,* 2005–NMSC–014, ¶ 11, 137 N.M. 517, 113 P.3d 340. Although Key did not receive a conditional discharge, he pointed out that the option of a conditional discharge was not available in the federal system. *Id.* Key also argued that his conduct was less reprehensible than the conduct for which the attorney in *Stribling* was disciplined. *Id.* Despite those arguments, we concluded that the circumstances in *In re Key* did not warrant what should only be a very limited exception to this Court's policy of prohibiting attorneys from practicing law while serving a criminal sentence of probation. *Id.* Consequently, though we acknowledged in *In re Key* that "there might conceivably be a situation where" we would depart from our general policy, we did not need to decide in *In re Key* whether that "very-limited exception" should be extended to other situations. *Id.* For the reasons that follow, we determine that the narrow, very limited exception alluded to in *In re Key* should be applied in this case.

{11} We must first emphasize that it is by no means this Court's policy that imposition of a conditional discharge in a criminal case automatically will result in a deferred sanction in a disciplinary case. Each case will be evaluated on its own merits, and the record must be clear that the continued practice of law by the respondent-attorney will in no way endanger either the public or the reputation of the profession. We are convinced that the continued practice of law by Respondent will pose no threat to the public or reputation of the profession.

{12} Not only will Respondent's practice of law pose no danger to the public, but as noted in the comments made by the judge in his sentencing order, prohibiting Respondent from continuing to practice law may prove detrimental to the public because Respondent "provides highly needed legal services to poor and disadvantaged persons ... commonly at little or no charge." The sentencing judge's assessment that Respondent is highly unlikely to repeat any violent conduct in the future underscores that Respondent's continued practice of law will not harm the public. That assessment is bolstered by the fact that Respondent took the initiative to seek, and successfully complete, counseling and treatment to address his behavioral problems. While we stress that this assessment does not excuse his conduct, it indicates that this was, in all probability, an isolated incident of violence and that the likelihood of it being repeated is remote.

{13} Other factors also militate against Respondent's suspension because his continued practice of law will not harm the reputation of the legal profession. As noted above, the sentencing judge recognized that Respondent was devoted to providing legal services to the poor and disadvantaged. Allowing him to continue to do so will enhance the reputation of our profession. The fact that Respondent also took responsibility for his criminal conduct and was sincerely remorseful alleviates any concern that his continued practice of law would harm the profession's reputation, which is buttressed by the fact that Respondent self-reported his convictions to the office of disciplinary counsel, was cooperative and remorseful throughout these proceedings, and has no previous history of disciplinary complaints or criminal conduct.

{14} We also note that the hearing committee reluctantly recommended Respondent's suspension only out of a presumption that it had no authority to recommend a lesser sanction. However, because of the specific facts of this case, the Disciplinary Board declined to recommend suspension. While this Court does not abdicate its disciplinary authority to any other court and reserves its prerogative under Rule 17–316(D)(1) NMRA 2006 to reject recommendations of the Disciplinary Board, we are in agreement with, and give due weight to, the opinions of both the Disciplinary Board and the trial court judge regarding the appropriate attorney discipline in this case.

{15} **NOW, THEREFORE, IT IS ORDERED** that the recommendation of the Disciplinary Board hereby is adopted and Respondent Robert Dale Treinen hereby is suspended from the practice of law pursuant to Rule 17–206(A)(2), effective October 5, 2005;

{16} **IT IS FURTHER ORDERED** that the entire period of suspension shall be deferred for the duration of the five-year period of probation ordered on August 26, 2004, by the Second Judicial District Court in cause No. CR–03–03490;

{17} **IT IS FURTHER ORDERED** that Respondent shall be placed on probationary active status for the duration of the five-year period of the district court's probation on condition that he abide by all of the terms imposed by the district court; and

{18} **IT IS FURTHER ORDERED** that Respondent shall pay costs to the disciplinary board in the amount of $442.20 on or before November 7, 2005, and any balance remaining thereafter shall accrue interest at the rate of 8.75% per annum until paid in full.

{19} **IT IS SO ORDERED.**