**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-083

Filing Date: June 30, 2009

Docket No.  28,480

THOMAS EDWARD VIVES,

       Petitioner-Appellant,

v.

WILLIAM J. VERZINO,
LOS ALAMOS COUNTY SHERIFF,
and NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY, JOHN DENKO,
SECRETARY,

       Respondents-Appellees.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
James A. Hall, District Judge

Ray Twohig, P.C.
Ray Twohig
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

Incorporated County of Los Alamos
Charles Rennick, Assistant County Attorney
Los Alamos, NM

New Mexico Department of Public Safety
John Wheeler, Chief Counsel and Special Assistant
Santa Fe, NM

for Appellees

# OPINION

**ROBLES, Judge.**

**{1}** This case presents two questions: (1) whether failure to respond to a petition results in admissions to conclusions of law that are binding on the court in subsequent summary judgment proceedings, and (2) whether an individual whose adjudication was withheld after pleading nolo contendere to a sex offense in Florida must register as a sex offender in New Mexico. The district court denied the motion for summary judgment of Thomas Edward Vives (Petitioner) seeking to bind Respondents to the allegations of the complaint and for a ruling as a matter of law that Petitioner did not have to file as a sex offender in New Mexico. The district court granted Respondents' cross-motion for summary judgment on the merits. We affirm the district court.

## I.    BACKGROUND

**{2}** In Florida in 1992, Petitioner pled nolo contendere to engaging in a sex act with a child under eighteen years old, contrary to Florida Statute Section 794.041(2)(b) (1992) (repealed by Laws 1993, c. 93-156, § 4). As a result, he was required to serve thirty days imprisonment, two years of community control, and five years of probation, as well as pay restitution for mental counseling of the victim, have no unsupervised contact with children under eighteen years old, surrender his teaching credentials, and register as a sex offender in Florida.

**{3}** In 2000, Petitioner moved to New Mexico and did not register as a sex offender. In 2004, William J. Verzino, the sheriff of Los Alamos County, issued notice to Petitioner that he was required to register under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007). Petitioner was informed that if he did not register, he would be charged and prosecuted with a fourth-degree felony.

**{4}** Petitioner registered as a sex offender with the Los Alamos County Sheriff's Department and, in July 2005, filed a petition for declaratory and injunctive relief, naming the Los Alamos County Sheriff and the New Mexico Department of Public Safety as Respondents, seeking to be removed from the sex offender registry. Both Respondents filed motions to dismiss for lack of jurisdiction under Rule 1-012(B)(1) NMRA. In November 2005, Petitioner filed an amended petition, which was met by more motions from Respondents to dismiss for lack of jurisdiction. Following an exchange of responses on the motions to dismiss, the district court held a hearing and denied the motions to dismiss.

**{5}** Six months later, Petitioner filed an unopposed motion to vacate the pretrial conference and to remove the case from the trial docket, stating that the parties agreed that the case could be resolved by summary judgment "since the facts appear not to be disputed and the case turns on an issue of law." Petitioner proposed that he file a motion for summary judgment and that Respondents could then "file a cross[-]motion for summary judgment."

2

Once the briefing was complete, "the [c]ourt can then decide the case on the basis of undisputed facts without the necessity for expending [c]ourt time on the trial of this case." (The parties refer to Respondents' counter-motion for summary judgment as a cross-motion, a fact this Court does not change for consistency.) The district court granted Petitioner's motion and, shortly thereafter, Petitioner filed a motion for summary judgment. Respondents filed a response to Petitioner's motion and filed their own cross-motion for summary judgment. After a reply from Petitioner, the district court held a hearing and, ultimately, denied Petitioner's motion for summary judgment and granted Respondents' cross-motion for summary judgment. This appeal followed.

## II.    DISCUSSION

### A.    Failure to Answer Petition

**{6}**    On appeal, Petitioner argues that Respondents never filed an answer to his amended petition and, under Rule 1-008(D) NMRA, the failure to deny averments in a pleading to which a responsive pleading is required is tantamount to an admission of those averments. Specifically, Petitioner argues that his statements in his amended petition that "[he] is not required by law to register as a sex offender in New Mexico," that "[h]e is being forced to register illegally," and that "he is not required by New Mexico law to register as a sex offender in New Mexico" should all be deemed as admissions by Respondents because of their failure to answer his amended petition.

**{7}**    "We review de novo the trial court's grant of summary judgment." *DiMarco v. Presbyterian Healthcare Servs., Inc.*, 2007-NMCA-053, ¶ 6, 141 N.M. 735, 160 P.3d 916. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Summary judgment is foreclosed either when the record discloses the existence of a genuine controversy concerning a material issue of fact, or when the district court granted summary judgment based upon an error of law. *See Gardner-Zemke Co. v. State*, 109 N.M. 729, 732, 790 P.2d 1010, 1013 (1990).

**{8}**    In his motion for summary judgment, Petitioner argued that because no answer was ever filed, the allegations of the amended complaint were admitted by the failure of Respondents to deny them pursuant to Rule 1-008(D). At the hearing on the motions for summary judgment, Respondents admitted that they had not filed an answer to the amended petition. However, Respondents urged the district court to consider as an answer their response to Petitioner's motion for summary judgment in which they responded to the assertions made by Petitioner and, in the alternative, they moved the court for the opportunity to amend. *See* Rule 1-015(A) NMRA ("[A] party may amend his pleading . . . by leave of court . . . and leave shall be freely given when justice so requires."). Additionally, Respondents argued that the facts were not in dispute, a point this Court notes by the very fact that both parties moved for summary judgment based on the same undisputed material facts. *See* Rule 1-056(C) NMRA ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions

3

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

{9}     In denying Petitioner's motion for summary judgment, the district court stated that the hearing was on a request for summary judgment, not default. The district court further found that, in order for Petitioner to prevail, it would have been necessary for the court to conclude that, based on the facts in the complaint, the Petitioner was entitled to judgment as a matter of law. Because the district court disagreed with Petitioner's statutory interpretation, it held that summary judgment could not be granted in Petitioner's favor even if the court had concluded that Respondents had admitted all of the factual allegations in the complaint. Moreover, the district court observed that had the parties been there on a request for default, it would be form over substance to not allow Respondents to respond. Even though no answer was filed, it was appropriate for the district court to go forward and address summary judgment. It specifically held that it would accept Respondents' reply to Petitioner's motion for summary judgment as responsive pleadings.

{10}     Petitioner invoked Rule 1-056 by filing for summary judgment. Petitioner's desire to have his uncontroverted conclusions of law be taken as admitted and applied by the court is not persuasive, since allegations of fact are deemed admitted by failure to respond under Rule 1-056(E), not conclusions of law. *See id.* ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but *his response*, by affidavits or as otherwise provided in this rule, *must set forth specific facts* showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered* against him." (emphasis added)); *see also Brown v. Taylor*, 120 N.M. 302, 305, 901 P.2d 720, 723 (1995) ("The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion."); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (holding that when a party fails to respond to a motion for summary judgment, a court should accept as true all material facts properly asserted and supported, but should only grant the motion if the moving party is entitled as a matter of law). Moreover, Respondents did reply to Petitioner's motion for summary judgment, and they filed a cross-motion for summary judgment with supporting memorandum as provided by Rule 1-056(D)(2). Regardless, this case is not about an application for default due to a party failing to answer a petition, nor is it about failing to respond to a motion for summary judgment or responding insufficiently. This case is simply about two parties asserting that there is no genuine issue as to material fact, and the court applying the applicable law. "When a party actually admit[s], for purposes of the summary judgment motion, the veracity of the allegations in the complaint, a reviewing court should consider the facts pleaded as undisputed and determine if a basis is present to decide the issues as a matter of law." *GCM, Inc. v. Ky. Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 13, 124 N.M. 186, 947 P.2d 143 (alteration in original) (internal quotation marks and citation omitted). In other words, in ruling on a motion for summary judgment, a court is not wed to a party's assertion of conclusions of law whether in a petition, complaint, or motion for summary judgment, even if the conclusions are admitted by the opposing party.

**B.     Requirement to Register**

4

**{11}** Petitioner next argues that he was not convicted according to New Mexico law and is therefore not required to register as a sex offender in New Mexico. Petitioner does not claim that he did not engage in a sex act with a child under eighteen years old, and he does acknowledge that such an offense is covered by SORNA in New Mexico. Petitioner admits that he was required to register as a sex offender in Florida in compliance with Florida Statute Section 944.607(2)(b) (2007), which defines a conviction of a sex offense for registration purposes to be "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, *regardless of whether adjudication is withheld*." (Emphasis added.) However, the Florida court did not adjudicate Petitioner's guilt. A review of the history of statutes and case law is helpful to understanding definitions.

**{12}** "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. The plain meaning rule requires a court to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous. *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153. At the time that Petitioner moved to New Mexico, our state defined a sex offender as a person eighteen years of age or older, who "changes his residence to New Mexico, when that person has been convicted of a sex offense in another state, pursuant to state, federal or military law." Section 29-11A-3(A)(2) (2000) (current version at Section 29-11A-3(D) (2007)). At that time, New Mexico case law did not require registration if the ultimate disposition resulted in a conditional discharge. *State v. Herbstman*, 1999-NMCA-014, ¶ 20, 126 N.M. 683, 974 P.2d 177 (filed 1998). This view was adopted by the Legislature in a 2005 amendment to Section 29-11A-3(A), which defined a "conviction" for sex offender registration as "a conviction in any court of competent jurisdiction and includes a deferred sentence, *but does not include a conditional discharge*." (Emphasis added.)

**{13}** The parties make no claims as to which version of amended statutes should apply in this case and, accordingly, we do not discuss that issue. Under both, with a conditional discharge, the court does not enter an adjudication of guilt. *See* § 31-20-13(A). Petitioner instead observes that, in *Herbstman*, this Court held that the terms "adjudicated guilty" and "convicted" were used interchangeably by the Legislature. 1999-NMCA-014, ¶ 21 (internal quotation marks omitted). Thus, Petitioner contends that the district court erred in denying him summary judgment because his plea of nolo contendere to a sex offense, contrary to Florida Statute Section 794.041(2)(b), resulted in adjudication being withheld, which is a similar outcome to New Mexico's conditional discharge pursuant to NMSA 1978, Section 31-20-13 (1994) and should be treated as such.

**{14}** We consider Petitioner's view of the respective state statutes to be a narrow one. We initially note that Florida, in plain and ordinary language, defined a conviction for purposes of sex offender registration to be a determination of guilt regardless of whether adjudication is withheld. Fla. Stat. § 944.607(2)(b); *see* Fla. Stat. § 944.606(1)(A) (2007); Fla. Stat. § 921.0011(2) (1997) (repealed 1998). Petitioner asserts that the adjudication of guilt is controlling in New Mexico as to whether he is required to register. Citing two Florida cases, *McFadden v. State*, 732 So. 2d 412 (Fla. Dist. Ct. App. 1999) and *Overstreet v. State*, 629 So. 2d 125 (Fla. 1993), Petitioner argues that Florida has treated the withholding of

5

adjudication as something other than a conviction in the past. Those cases, however, concerned impeachment and habitual offender sentencing, not sex offender registration. When construing a statute, we read it "in connection with other statutes concerning the same subject matter." *Quantum Corp. v. State Taxation & Revenue Dep't*, 1998-NMCA-050, ¶ 8, 125 N.M. 49, 956 P.2d 848.

**{15}**    In examining Petitioner's sentence in Florida, we recognize several distinctions between Florida's withholding of adjudication and New Mexico's conditional discharge. Aside from an individual being required to register as a sex offender in Florida under a withheld adjudication, our conditional discharge statute does not provide for the types of punishment that Petitioner received. Under a conditional discharge order, a court only has the statutory authority to place an individual on probation on terms and conditions authorized by NMSA 1978, Section 31-20-5 (2003) and NMSA 1978, Section 31-20-6 (2007). Section 31-20-13(A); *State v. Fairbanks*, 2004-NMCA-005, ¶ 18, 134 N.M. 783, 82 P.3d 954 (filed 2003) (rejecting that a defendant with a conditional discharge can be obligated to pay a lab fee). In Florida, Petitioner received thirty days in jail, was obligated to participate in community control, was required to pay for counseling for the victim, and had to surrender his teaching certification. The totality of the punishment that Petitioner received and the requirement to register as a sex offender could not have been applied in New Mexico with a conditional discharge.

**{16}**    We also consider that the purpose of SORNA is to assist law enforcement agencies in protecting communities by requiring sex offenders to register in the county in which the sex offender lives and by requiring a registry with public access to such information. Section 29-11A-2; *State v. Brothers*, 2002-NMCA-110, ¶ 14, 133 N.M. 36, 59 P.3d 1268. SORNA is intended for public safety, not punishment. *State v. Williams*, 2006-NMCA-092, ¶ 6, 140 N.M. 194, 141 P.3d 538. Petitioner's argument contradicts the Legislature's intentions and advocates for the creation of a safe harbor in New Mexico for sex offenders that were required to register in other states. "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Key v. Chrysler Motors Corp.*, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55 (1996).

**{17}**    Petitioner also implies that the question of whether his Florida disposition is defined as a "conviction" turns on choice of law, but he nevertheless asserts that SORNA does not provide for choice of law. We agree with Petitioner that New Mexico's laws are determinative in this case. Section 29-11A-3(A) defines a "conviction" as "a conviction in any court of competent jurisdiction and includes a deferred sentence, but does not include a conditional discharge." This definition very clearly exempts conditional discharges and only conditional discharges. The doctrine of *expressio unius est exclusio alterius*—the expression or inclusion of one thing indicates exclusion of the other—is applicable here. *See Fernandez v. Española Pub. Sch. Dist.*, 2005-NMSC-026, ¶ 6, 138 N.M. 283, 119 P.3d 163. The statute by negative implication simply does not include dispositions similar to conditional discharges, like conditional discharges, or akin to conditional discharges. Petitioner's argument urges for a redefining of what is already defined as a conviction by Florida and by implication in New Mexico.

6

**{18}**     Finally, Petitioner asserts that the district court erred in not granting injunctive relief. Because we conclude that Petitioner's Florida disposition is a conviction for purposes of SORNA, and sex offender registration is a collateral consequence following a conviction for a sexual offense, *State v. Druktenis*, 2004-NMCA-032, ¶ 34, 135 N.M. 223, 86 P.3d 1050, and is remedial in nature, *Williams*, 2006-NMCA-092, ¶ 6, we decline to reach the issue. *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 (filed 2004) ("A reviewing court generally does not decide academic or moot questions.").

## III.     CONCLUSION

**{19}**     For the reasons stated above, we affirm the district court.

**{20}     IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**

Topic Index for *Vives v. Verzin,* No. 28,480

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-SE | Sexual Exploitation of Children |
| CL-SX | Sexual Offences |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-AD | Admissions and Denials |
| CP-PL | Pleadings |
| CP-DS | Dismissal |
| CP-SJ | Summary Judgment |
| | |
| **MS** | **MISCELLANEOUS STATUTES** |
| MS-SX | SORNA (Sexual Offender Registration and Notification Act) |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |