Certiorari Denied, August 18, 2016, No. S-1-SC-36012

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2016-NMCA-078

Filing Date: JUNE 28, 2016

Docket No. 34,478

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

JENNIFER LASSITER, a/k/a
JENNIFER RUSSELL,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
John A. Dean Jr., District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellant

Arlon L. Stoker
Farmington, NM

for Appellee

OPINION

ZAMORA, Judge.

{1}    Defendant Jennifer Lassiter entered a plea of no contest to drug trafficking, contrary to NMSA 1978, Section 30-31-20 (2006), and she was sentenced by the district court. The State appeals, arguing that the district court erred in sentencing Defendant for second degree drug trafficking instead of first degree drug trafficking for a second or subsequent offense.

1

For the following reasons, we affirm.

**BACKGROUND**

**{2}** In 2009 Defendant was charged with trafficking methamphetamine. Defendant entered a guilty plea to a first-offense drug trafficking charge and received a conditional discharge order, pursuant to NMSA 1978, Section 31-20-13(A) (1994). Without entering an adjudication of guilt, the district court ordered that Defendant be placed on probation for a period of three years. In 2010, Defendant was granted early release from probation. The district court entered an order of conditional discharge dismissing the drug trafficking charge.

**{3}** In 2013 Defendant was arrested and charged with trafficking methamphetamine and tampering with evidence. Defendant entered a plea of no contest to the drug trafficking charge. The State argued that the conviction was a second offense punishable as a first degree felony under Section 30-31-20(B)(2). Defendant argued that she should be sentenced as a first time offender since the previous charge was dismissed after she completed the terms of the conditional discharge. The district court did not consider the prior conditional discharge as a prior drug trafficking offense and sentenced Defendant for a first offense under Section 30-31-20(B)(2). This appeal followed.

**DISCUSSION**

**Standard of Review**

**{4}** Whether the conduct underlying Defendant's conditional discharge in the 2009 drug trafficking case constitutes an "offense" under the enhancement provision of the trafficking statute, Section 30-31-20(B), is a question of statutory interpretation we review de novo. *See State v. Holt*, 2016-NMSC-011, ¶ 9, 368 P.3d 409. In interpreting statutory language, "our main goal . . . is to give effect to the Legislature's intent." *State v. Hall*, 2013-NMSC-001, ¶ 9, 294 P.3d 1235. "To discern the Legislature's intent, [this] Court looks first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *State v. Almanzar*, 2014-NMSC-001, ¶ 14, 316 P.3d 183 (alteration, internal quotation marks, and citation omitted). However, "[i]f the language of the statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Chavez*, 2016-NMCA-016, ¶ 7, 365 P.3d 61 (internal quotation marks and citation omitted), *cert. granted*, 2016-NMCERT-001, ___ P.3d ___. Where "the relevant statutory language is unclear, ambiguous, or reasonably subject to multiple interpretations, then [this] Court should proceed with further statutory analysis." *Almanzar*, 2014-NMSC-001, ¶ 15.

**Defendant's Conditional Discharge**

**{5}** In 2009 Defendant entered a guilty plea to a drug trafficking charge and received a

2

conditional discharge pursuant to Section 31-20-13. Section 31-20-13(A) provides that:

> When a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation on terms and conditions authorized by [NMSA 1978,] Section[] 31-20-5 [(2003)] and [NMSA 1978, Section] 31-20-6 [(2007)]. A conditional discharge order may only be made available once with respect to any person.

**{6}**     Under Section 31-20-13(A), a court entering an order of conditional discharge must also place the defendant on probation. Upon successful completion of probation, the charges against the defendant must be dismissed without an adjudication of guilt. *See, e.g.*, *State v. C.L.*, 2010-NMCA-050, ¶ 8, 148 N.M. 837, 242 P.3d 404 (holding that after successfully completing probation pursuant to a Section 31-20-13 conditional discharge order, the defendant received the benefit of having the case against her dismissed without an adjudication of guilt). A conditional discharge entered without an adjudication of guilt is not considered a conviction. *See State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that a defendant granted a conditional discharge pursuant to Section 31-20-13 is not considered a convicted felon or prohibited from possessing a firearm under NMSA 1978, Section 30-7-16(C)(2) (2001)); *see also State v. Herbstman*, 1999-NMCA-014, ¶ 20, 126 N.M. 683, 974 P.2d 177 (holding that a defendant granted a conditional discharge pursuant to Section 31-20-13, who is neither adjudicated guilty nor convicted, is not required to register as a convicted sex offender).

**The Term "Offense"**

**{7}**     The State acknowledges that a conditional discharge is not considered a conviction under New Mexico law. However, the drug trafficking statute does not prescribe an enhanced sentence after a defendant's first conviction, but rather after the first *offense*. *See* § 30-31-20(B) ("A person who violates this subsection is: (1) for the first offense, guilty of a second degree felony . . .; and (2) for the second and subsequent offenses, guilty of a first degree felony[.]"). Therefore, the State argues that the conditional discharge entered in Defendant's 2009 drug trafficking case should be considered a first offense for the purpose of enhancing her current drug trafficking sentence.

**{8}**     Section 30-31-20 does not define the term "offense" as it is used in that section. The State asserts that an offense is simply an illegal act, whereas a conviction is a legal judgment that a person is guilty of a crime. This view is oversimplified. In its most basic form, an "offense" is defined as "[a] violation of the law[ or] a crime." *Black's Law Dictionary* 1250 (10th ed. 2014). However, the term "offense" carries many connotations. *See id.* (" 'The terms 'crime,' 'offense,' and 'criminal offense' are all said to be synonymous, and ordinarily used interchangeably. 'Offense' may comprehend every crime and misdemeanor, or may be used in a specific sense as synonymous with 'felony' or with 'misdemeanor,' as the case may

3

be, or as signifying a crime of lesser grade, or an act not indictable, but punishable summarily or by the forfeiture of a penalty.' " (quoting 22 C.J.S. *Criminal Law* § 3, at 4 (1989)). The State's blurred distinctions between an illegal act and a criminal offense and these broad connotations do not provide much guidance in determining whether the conduct underlying the conditional discharge constitutes an offense.

**{9}**    As the State noted, a conditional discharge has legal and practical consequences. The language of Section 31-20-13 indicates that a conditional discharge is a punishment for underlying criminal conduct. A conditional discharge may not be entered unless there is an initial finding of guilt on the underlying conduct. *Id.* Upon a finding of guilt on the underlying criminal conduct, the defendant is placed on probation, which New Mexico courts have long recognized as a form of punishment. *See State v. Villalobos*, 1998-NMSC-036, ¶ 12, 126 N.M. 255, 968 P.2d 766 ("[I]t has been judicial policy to use probation as an acute form of punishment and a rehabilitation tool."); *State v. Baca*, 2004-NMCA-049, ¶ 17, 135 N.M. 490, 90 P.3d 509 ("Probation is a form of criminal sanction; it is one point on a continuum of possible punishments." (alteration, internal quotation marks, and citation omitted)); *State v. Donaldson*, 1983-NMCA-064, ¶ 33, 100 N.M. 111, 666 P.2d 1258 ("A judge, in fashioning the terms of probation, may impose conditions reasonably related to the probationer's rehabilitation, which are designed to protect the public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct." (citation omitted)). Accordingly, New Mexico courts have consistently recognized a conditional discharge under Section 31-20-13 as punishment for criminal conduct. *See In re Treinen*, 2006-NMSC-013, ¶ 3, 139 N.M. 318, 131 P.3d 1282 ("A *sentence* of conditional discharge may be imposed under Section 31-20-13(A)[.]" (emphasis added)); *Harris*, 2013-NMCA-031, ¶ 7 (stating that "the conditional discharge statute contemplates that a defendant will be subject to probation during his *sentence*" (emphasis added)); *Vives v. Verzino*, 2009-NMCA-083, ¶ 15, 146 N.M. 673, 213 P.3d 823 (referring to a conditional discharge as a type of "punishment"); *Herbstman*, 1999-NMCA-014, ¶ 11 (recognizing that "a conditional discharge is a permissible reduction of *sentence* under Rule 5-801(B) [NMRA]" (emphasis added)).

**{10}**    Moreover, a defendant who receives a conditional discharge will face some long-term consequences. The entry of a conditional discharge order precludes the defendant from receiving a conditional discharge for subsequent charges. *See* § 31-20-13. The criminal charges and conditional discharge order will remain part of the defendant's criminal record, even after the completion of probation. *See C.L.*, 2010-NMCA-050, ¶¶ 7, 15 (explaining that the conditional discharge statute does not implicitly grant the district court the authority to order the expungement of the defendant's criminal records upon the successful completion of the terms of probation); *Toth v. Albuquerque Police Dep't*, 1997-NMCA-079, ¶ 8, 123 N.M. 637, 944 P.2d 285 ("Courts which recognize an inherent power to expunge arrest records have tempered this power by requiring that it be exercised sparingly and only in extraordinary circumstances."). As we discuss in greater detail below, a defendant who has received a conditional discharge under Section 31-20-13 can be classified as a habitual offender. *See* NMSA 1978, § 31-18-17 (2003). The State argues that the various

4

consequences stemming from a conditional discharge support the inference that an "offense" includes the conduct underlying a conditional discharge, because if the underlying conduct was not found to be a criminal offense the imposition of criminal penalties would be unconstitutional. *See* N.M. Const. art. II, § 18 ("No person shall be deprived of life, liberty[,] or property without due process of law[.]"). We are not the least persuaded by the State's argument. Section 31-20-13 effectively renders the "offense" unavailable for purposes of guilt adjudication if the conditional discharge is successful, ultimately resulting in no adjudication of guilt. We can see no rational interpretative basis on which to permit enhancement of penalties received in a conviction of a separate crime using an "offense" as to which Defendant was never adjudicated guilty.

**{11}** The fact that the conduct underlying a conditional discharge may fit within the broad dictionary definition of the term "offense," does not clearly indicate to us that the Legislature intended for that conduct to be the basis for enhanced sentences under Section 30-31-20. *See State v. Martinez*, 2006-NMCA-068, ¶ 5, 139 N.M. 741, 137 P.3d 1195 (cautioning appellate courts to be careful in the application of the plain meaning rule as "its beguiling simplicity may mask a host of reasons why a statute, apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate . . . differences of opinion concerning the statute's meaning" (alteration, internal quotation marks, and citation omitted)). In 1993, when the Legislature enacted the conditional discharge statute, it also amended the habitual offender statute to "specifically include conditional discharge orders as usable for habitual offender sentence enhancement purposes, as well as prior convictions." *Herbstman*, 1999-NMCA-014, ¶ 20 (internal quotation marks omitted); *see* § 31-18-17(B) (defining a "habitual offender" as an individual that has incurred "prior felony convictions that were parts of separate transactions or occurrences[,] *or conditional discharge under Section 31-20-13*" (emphasis added)). By contrast, the drug trafficking statute, which existed in 1993, was not similarly amended to expressly authorize an enhanced sentence based on a prior conditional discharge. *See* § 30-31-20. We presume that the Legislature was aware of Section 30-31-20 when it enacted the conditional discharge statute. *State v. Maestas*, 2007-NMSC-001, ¶ 21, 140 N.M. 836, 149 P.3d 933 ("We presume that the [L]egislature is well informed as to existing statutory and common law[.]" (internal quotation marks and citation omitted)). If the Legislature wanted to authorize sentence enhancement for a drug trafficking offense based on a prior conditional discharge, as it did in the habitual offender statute, it could have amended Section 30-31-20 accordingly. *Cf.* § 31-18-17(B) (authorizing sentence enhancements for individuals that have incurred "prior felony convictions that were parts of separate transactions or occurrences[,] *or conditional discharge under Section 31-20-13*" (emphasis added)); *see Harris*, 2013-NMCA-031, ¶ 3 (noting that the enactment of the conditional discharge statute set forth "that a conditional discharge order could not serve as a conviction unless a particular statute expressly so stated" (internal quotation marks omitted)).

**{12}** The State also argues that the Legislature's use of the term "offense" rather than the term "conviction" suggests that the Legislature intended to allow enhancement based on something other than a conviction. *See* § 30-31-20(B); *cf.* NMSA 1978, § 66-8-102(E), (F)

5

(2010) (prescribing enhanced sentencing for second and third *convictions* for driving while under the influence of drugs and alcohol). However, the Legislature's decision not to amend the trafficking statute to include enhancement based on a prior conditional discharge, as it did the habitual defender statute, suggests that the Legislature may have intended not to authorize such an enhancement. We are mindful that statutes, such as Section 30-31-20, that authorize more severe punishment are considered highly penal and should be strictly construed. *See State v. Moya*, 2007-NMSC-027, ¶ 6, 141 N.M. 817, 161 P.3d 862. We will not read into a statute words that are not there. *See State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. It is the Legislature's exclusive responsibility to define crimes, not the judiciary's. *See Martinez*, 2006-NMCA-068, ¶ 9 (noting that "by the constitution of the [s]tate the Legislature is invested with plenary legislative power, and the defining of crime and prescribing punishment therefor are legislative functions" (alterations, internal quotation marks, and citation omitted)); *see also* N.M. Const. art. III, § 1 (providing for division of powers of government between legislative, judicial, and executive branches); *State v. Fifth Judicial Dist. Ct.*, 1932-NMSC-023, ¶¶ 8-9, 36 N.M. 151, 9 P.2d 691 (noting that the Legislature makes the laws, the executive branch executes the laws, and the judiciary construes the laws).

**{13}** We have considered the language of Section 30-31-20, along with the statute's history and background, overall structure, and function within our criminal statutes. *See State v. Rivera*, 2004-NMSC-001, ¶ 13, 134 N.M. 768, 82 P.3d 939. In our considerations, it seems that more questions have arisen than answers in determining what constitutes an offense within the context of this statutory provision. While the practical application would be that this is the second time Defendant has been charged with the crime of trafficking, the legal effect of the conditional discharge dismisses the first trafficking charge without an adjudication of guilt. The Legislature is best suited with the task of clarifying what should be considered as an offense for sentence enhancement purposes.

**{14}** We conclude that Section 30-31-20 is ambiguous because it neither defines the term "offense" as it is used in the statute, nor states whether a drug trafficking offense can be enhanced based on a prior conditional discharge. We also conclude that Section 30-31-20 does not clearly and unequivocally alert a person in Defendant's position to the possibility of enhancing her subsequent drug trafficking sentence as a result of her prior conditional discharge. "The rule of lenity constrains us to narrowly construe a penal statute to give clear and unequivocal warning in language that people generally would understand concerning actions that would expose them to penalties." *State v. Maldonado*, 2005-NMCA-072, ¶ 13, 137 N.M. 699, 114 P.3d 379 (internal quotation marks and citation omitted). Here, we are confronted with "an insurmountable ambiguity regarding the intended scope" of Section 30-31-20. *Maldonado*, 2005-NMCA-072, ¶ 13 (omission, internal quotation marks, and citation omitted). "[T]he rule of lenity should be applied after other principles of statutory construction fail to eliminate a reasonable doubt as to legislative intent." *Id.* Accordingly, we hold that the term "offense," as used in Section 30-31-20, is ambiguous and, therefore, Defendant's conditional discharge cannot be used for the purpose of enhancing Defendant's drug trafficking sentence. As a result, we need not address Defendant's remaining

6

arguments.

**Disparate Treatment**

**{15}** The State argues that our holding could result in disparate treatment for similarly situated defendants. The State suggests that two defendants convicted for drug trafficking could be sentenced differently if one defendant previously received a conditional discharge for trafficking and the other defendant did not. The defendant with the conditional discharge would be sentenced as a first time offender and the other defendant would not. The State presents this scenario as a purely hypothetical situation predicting that fundamental unfairness will arise. Because the State points to no disparate treatment or fundamental unfairness relevant to this case, we do not address this issue. Any attempt to do so would be purely advisory. *See State v. Trujillo*, 1994-NMSC-066, ¶ 12, 117 N.M. 769, 877 P.2d 575 (noting that appellate courts do not give advisory opinions on purely hypothetical issues).

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm Defendant's sentence for drug trafficking as a second degree felony.

**{17}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**