This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: December 1, 2022**

**No. S-1-SC-39074**

**IN THE MATTER OF**
**ANTHONY J. AYALA,**

**An Attorney Disbarred from the**
**Practice of Law Before the Courts**
**of the State of New Mexico**

Jane Gagne
Albuquerque, NM

for Petitioner the New Mexico Disciplinary Board

Anthony J. Ayala
Albuquerque, NM

Respondent

**DISPOSITIONAL ORDER**

**BACON, Chief Justice.**

**{1}** WHEREAS, this matter came on for consideration by the Court upon the recommendation of Petitioner the New Mexico Disciplinary Board for discipline, together with its findings of fact and conclusions of law recommending that Respondent ANTHONY J. AYALA be disbarred, motion for hearing, the parties' briefs, and oral arguments by the parties heard September 13, 2022;

**{2}** WHEREAS, the Disciplinary Board having considered this matter pursuant to Rules 17-314 and 17-315 NMRA, and having concluded that substantial evidence supported Respondent's violation of the following Rules of Professional Conduct: (1) Rule 16-101 NMRA, by failing to provide competent representation; (2) Rule 16-105(A) NMRA, by charging excessive fees; (3) Rule 16-107(A)(2) NMRA, by representing a client when there was a significant risk that his representation was materially limited by his own personal interests; (4) Rule 16-108(A) NMRA, by knowingly acquiring a motor vehicle from his client without disclosing all terms of that acquisition to his client and

without ensuring those terms were fair and reasonable, and by failing to advise his client to seek independent counsel for the transaction without informed written consent of the client declining to seek independent counsel; (5) Rule 16-115(A) NMRA, by failing to separately hold client funds and maintain accurate records; (6) Rule 16-115(D) NMRA, by failing to promptly render a full accounting upon request of his client; and (7) Rule 16-804(D) NMRA, by engaging in conduct prejudicial to the administration of justice;

**{3}** WHEREAS, pursuant to its constitutional power of superintending control, *see* N.M. Const. art. VI, § 3, this Court has the inherent authority "to determine what constitutes grounds for the discipline of lawyers, and to discipline, for cause, any person admitted to practice law in this state," *In re Treinen*, 2006-NMSC-013, ¶ 6, 139 N.M. 318, 131 P.3d 1282;

**{4}** WHEREAS, we defer to the Board on matters of weight and credibility and view the evidence in the light most favorable to the Board's decision, and while we review the Board's conclusions of law and recommendations de novo, we still afford these conclusions and recommendations "respectful consideration," *see In re Bristol*, 2006-NMSC-041, ¶¶ 15, 18, 140 N.M. 317, 142 P.3d 905 (internal quotation marks and citation omitted);

**{5}** WHEREAS, this Court being concerned with Respondent's pattern of misconduct and lack of demonstrated appreciation for the gravity of harm caused thereby to his client and with Respondent's lack of awareness of his misconduct in engaging in practices with even the *appearance* of conflict between his personal interests and the interests of his client;

**{6}** WHEREAS, this Court concludes that there was an appearance of conflict when Respondent referred his client to his daughter for real estate services when his client sought to sell a family home, without any apparent disclosure of the conflict of interest and without any disclosure of his client's options to pursue an independent, unrelated professional for real estate services;

**{7}** WHEREAS, this Court concludes that there was an actual conflict where Respondent's daughter purchased his client's home for herself for $40,000 less than its most recent offer when his client had no legal counsel and no unrelated professional to properly advise her regarding the matter;

**{8}** WHEREAS, this Court cautions the State Bar of New Mexico that upon referring a client to a family member for professional services, there should be full disclosure of the potential for a conflict of interest, there should be full disclosure of the client's option to hire an independent and unrelated professional for the services, and such disclosures should be documented;

**{9}** WHEREAS, this Court having considered the foregoing and being sufficiently advised, Chief Justice C. Shannon Bacon, Justice Michael E. Vigil, Justice David K. Thomson, Justice Julie J. Vargas, and Justice Briana H. Zamora concurring;

**{10}** NOW, THEREFORE, IT IS ORDERED that the Disciplinary Board's findings of fact, being supported by substantial evidence, conclusions of law, and recommendations, are ADOPTED;

**{11}** IT IS FURTHER ORDERED that Respondent, ANTHONY J. AYALA, is PERMANENTLY DISBARRED from the practice of law under Rule 17-206(A)(1) NMRA and Rule 17-214(A) NMRA, effective September 13, 2022;

**{12}** IT IS FURTHER ORDERED that Respondent, ANTHONY J. AYALA, shall comply with the requirements of Rule 17-212 NMRA, which shall include filing the affidavit required under Rule 17-212(D) NMRA no later than ten (10) days after the effective date of his disbarment;

**{13}** IT IS FURTHER ORDERED that Respondent shall pay to the Disciplinary Board the costs incurred by the Board in this proceeding no later than ninety (90) days from the date of this order, any unpaid balance thereafter shall accrue interest at the statutory rate of eight and three-fourths percent (8¾%) per annum until paid in full, and any amount unpaid may be reduced to a transcript of judgment; and

**{14}** IT IS FURTHER ORDERED that Respondent shall reimburse the Client Protection Fund of the State Bar of New Mexico for any and all expenditures the fund has made and will make in the future arising out of Respondent's misconduct.

**{15} IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**