This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SYDNEY S. BRYAN,**

    Plaintiff-Appellee,

v.                        **NO. 30,614**

**MARK HOGAN and**
**YVONNE HOGAN,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Kevin Sweazea, District Judge**

Filosa & Filosa
Mark A. Filosa
Truth or Consequences, NM

for Appellee

Albert J. Costales
Truth or Consequences, NM

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendants appeal from an order granting Plaintiff's motion for summary judgment and dismissing Defendants' counterclaims with prejudice. We proposed to affirm in a notice of proposed summary disposition, and Defendants have filed a motion in opposition to our proposed disposition. After reviewing Defendants' memorandum, we remain convinced that affirmance is appropriate and thus we affirm the district court's order granting summary judgment to Plaintiff and dismissing Defendants' counterclaims.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65

(1986).

In our previous notice, we proposed to affirm because Defendant Mark Hogan (Hogan) was not a licensed contractor at the time the roofing work was undertaken on Plaintiff's property. [RP 140] Section 60-13-30(A) of the Construction Industries Licensing Act (the Act), NMSA 1978, §§ 60-13-1 to -59 (1967, as amended through 2008), bars an unlicensed contractor from seeking or retaining compensation for construction work that may only be performed by a licensed contractor.

In their memorandum in opposition, Defendants argue that summary judgment was improper because Plaintiff failed to submit any affidavits in support of his motion or any affidavits to rebut the information contained in Defendants' affidavits. [MIO unnumbered page 1-2] We are unpersuaded.

Pursuant to Rule 1-056(A) NMRA, a party may move for summary judgment without submitting affidavits. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 29, 135 N.M. 423, 89 P.3d 672 (affirming the order granting summary judgment to the plaintiff in a quiet title action even though the plaintiff submitted no affidavits and holding that the plaintiff's submission of a patent and a deed were enough to satisfy his burden to make a prima facie case); *cf. Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007-NMCA-157, ¶ 16, 143 N.M. 133, 173 P.3d 55 (recognizing that a party may be entitled to summary judgment even in the absence

of affidavits based on documents which are not challenged by the opponent for lack of authenticity). In this case, Plaintiff did not need an affidavit. Instead, he alerted the district court to the provisions of the Act, and alleged that Hogan was not licensed *at the time he undertook the work* on Plaintiff's roofs. [RP 47-49, 130-131] This has not been disputed by Defendants. [RP 118, 122, 125, 129] To the contrary, Defendant Yvonne Hogan admits in her affidavit that her husband was not licensed at the time he undertook the work for Plaintiff. [RP 129] Hogan's affidavit merely states that he is licensed at the time of the affidavit. [RP 122] As admitted by Defendants in their docketing statement, the fact that Hogan obtained a license at a later point is irrelevant [DS 2-3] because the Act clearly requires a party to be licensed at the time the work is undertaken. *See* § 60-13-30(A).

We are also unpersuaded by Defendants' claim that their affidavits present a material issue of fact precluding summary judgment. [MIO 2] In their affidavits, Defendants provide information about the work site, leaks, and structural issues. [MIO 2; RP 122-123, 125-126] They further state that the work was to repair two roofs owned by Plaintiff, each for a cost of slightly over $4,000. [RP 122, 125] However Section 60-13-3(D)(18) only applies to exempt work performed by a contractor that "consist[s] of short-term depreciable improvements to commercial property to provide needed repairs and maintenance for items *not covered by building*

4

*codes adopted by the construction industry commission.*" (Emphasis added.) As discussed in our previous notice, roofing work is covered by the New Mexico Building Code. *See generally* 14.7.2.23 NMAC. Therefore, the exemption contained in Section 60-13-3(D)(18) does not apply to the work performed by Defendants.

Defendants also claim that Plaintiff failed to submit an affidavit to rebut their contention that Section 60-13-3(D)(18) applies to the "unrefuted factual affidavits" of Defendants, and Plaintiff could not be entitled to judgment as a matter of law if the exception contained in Section 60-13-3(D)(18) was properly considered. [MIO 2] We disagree.

As stated in our previous notice and as previously discussed in this opinion, the work performed by Hogan, roofing, is clearly covered by the Act. We acknowledge that Defendants claim in their affidavits that the work performed by Hogan is not covered by the Act because the work was not structural but instead merely to repair leaks in the roofs, and they claim that Plaintiff failed to properly rebut this contention in his reply brief. [MIO 3; RP 122, 125] However, Defendants' argument that Section 60-13-30(D)(18) applies is a legal conclusion that is contradicted by the language of the Act. Therefore, it is insufficient to present a material issue of fact precluding summary judgment. *See Vives v. Verzino*, 2009-NMCA-083, ¶¶ 8-10, 146 N.M. 673, 213 P.3d 823 (recognizing that a court will not be bound by a party's

erroneous statements of law in a summary judgment proceeding even if the opposing party fails to formally contradict those statements); *cf. Alliance Health of Santa Teresa, Inc.*, 2007-NMCA-157, ¶¶ 18-19 (recognizing that construction of a regulation presents a question of statutory construction which is a question of law subject to de novo review).

**Conclusion**

For the reasons set forth above and those discussed in our notice of proposed summary disposition, we affirm the district court's order granting summary judgment to Plaintiff and dismissing Defendants' counterclaims with prejudice.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

6

_____

**MICHAEL E. VIGIL, Judge**